## Millcreek Township, Plff. in Err., v. William P. Perry.

Plaintiff, walking from his work, in the nighttime, was injured by falling into an excavation in a much-traveled country road, which for several months had been left unguarded, during suspension of the work of lowering the grade; he was familiar with the condition of the road and had traveled over it daily. *Held,* the questions of the liability of the township and whether plaintiff was guilty of contributory negligence were properly submitted to the jury.

That plaintiff was acquainted with the condition of the road and might have taken the south side, which was safe for pedestrians, will not defeat his right to recover, if his walking on the dangerous side was in consequence of the darkness and without negligence on his part.

The burden to show contributory negligence rests upon the defendant, unless the jury find such evidence in the testimony of plaintiff himself or his witnesses.

Contributory negligence is generally a question for the jury depending solely on the facts as they may find them.

Refusal to enter compulsory nonsuit is not assignable error.

(Argued April 25, 1887. Decided November 7, 1887.)

January Term, 1886, No. 7, E. D., before Mercur, Ch. J., Gordon, Trunkey, Sterrett, Green, and Clark, JJ. Error to Common Pleas of Erie County to review a judgment for plaintiff in an action in case for negligence. Affirmed.

William P. Perry, plaintiff, walking from work at a rolling mill, in company with his son, about 1 o'clock A. M., October 9, 1883, went upon Lake road, an extension of Eighth street, city of Erie, in Millcreek township, and sustained injuries by falling into an unguarded excavation 5 or 5½ feet deep. The evidence was conflicting as to whether the night was dark or clear; but the plaintiff, having just been working with molten iron, was not able to see as clearly as he otherwise might have done. He had frequently passed over the road and was familiar with its condition.

The road commissioners of defendant township had determined to cut down the grade of the road, and one half thereof, or about 25 feet in width, had been so reduced about July 1, 1883, when work was suspended and a rail fence was constructed

at each end of the north side to warn pedestrians to pass to the south side; but these fences disappeared in a few weeks and from thence to the time of the accident the excavations and dug out portions of the road remained without barriers, warning lights or other danger signals.

The court refused to enter a compulsory nonsuit but submitted the question of plaintiff's contributory negligence to the jury, who rendered a verdict for plaintiff for $5,000; from judgment thereon defendant brought this writ of error, specifying the following assignments of error:

1. The action of the court in qualifying defendant's first point, as follows:

"If the plaintiff knew the condition of the road and had passed over the same on the day, and many times before, he was hurt, it was his duty to use care and to go through the excavated way; and if he failed to do so, he was guilty of negligence and cannot recover." To which the court answered: "This is affirmed, with the qualification, however, that if the jury find from the evidence that the failure on the part of the plaintiff to go through the excavated way was in consequence of the darkness and without any negligence on his part, then he would not forfeit his right to hold the township liable."

2. Qualifying defendant's second point, as follows:

"If the plaintiff in passing along the road, knowing its condition, failed to use care to pass along the excavated way, he was guilty of contributory negligence and cannot recover." To which the court answered: "This is affirmed, with the same qualification as in the answer to the foregoing point."

3. Refusing defendant's third point, as follows:

"Under the evidence in the case, the verdict should be for the defendant."

4. Affirming plaintiff's third point as follows:

"If the jury believe from the evidence that the highway at the place where the plaintiff was injured was defective and dangerous, and was left open and unguarded to be traveled by the public, and the plaintiff, while traveling on said highway, was injured in consequence of the defect, the fact that the plaintiff was acquainted with the condition of the road does not of itself constitute contributory negligence on his part, and would not defeat his recovery, provided he was exercising due care and caution at the time of his injury."

5. Overruling defendant's motion for nonsuit.

6–10. The following portions of the charge:

"They (meaning the witnesses) also agree that the ascent by the north side was easy, and that unless deterred by some barrier or obstacle, a stranger would be as liable to take one side as the other."

"On the other hand the presumptions are in favor of the plaintiff having exercised proper care. It is for the township to show affirmatively that there was contributory negligence on the part of the plaintiff, unless you find such evidence in the testimony of the plaintiff himself or his witnesses."

"It was not only the duty of the authorities to put up barriers, but their duty to keep them there, if their being there was necessary to warn or prevent persons using the road from meeting with accident."

"It goes without saying that if this cut was there, leaving this embankment, which was at some places $5\frac{1}{2}$ feet high according to the evidence of the defendant's witnesses, nothing to prevent the public from going over there, as the evidence shows that a stranger would be as likely to go one way as the other,—that highway was in a dangerous condition."

"Was there want of care? Did the plaintiff know that he was out of the proper path? Did he knowingly choose to go by the north side instead of through the cut? He would have been safe there, or on the graded walk on the south. Did he avoid these voluntarily and of his own accord, and by his own carelessness choose the unsafe way? Or did he innocently and unwittingly take that way, in consequence of the absence of proper guards or warning, in the darkness of the night, he being unable to see where he was going? Upon your decision of these questions will depend the verdict in this case."

*Davenport, Benson,* and *Brainerd,* for plaintiff in error.—A person knowing the condition of the highway and putting himself in danger by going out of the road cannot recover. Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Fleming v. Lockhaven, 41 Phila. Leg. Int. 408; Monongahela v. Fisher, 111 Pa. 9, 56 Am. Rep. 241, 2 Atl. 87; Perkins v. Fayette, 68 Me. 152, 28 Am. Rep. 84.

A township is not required to render a road passable for travel for the entire width of the located limits, but only to keep a

width thereof in a condition to render the passing over it safe and convenient. Blake v. Newfield, 68 Me. 365; Com. v. King, 13 Met. 115; Keyes v. Marcellus, 50 Mich. 439, 45 Am. Rep. 52, 15 N. W. 542; Howard v. North Bridgewater, 16 Pick. 189.

The evidence showed that plaintiff was acquainted with the condition of the road; the records of the United States signal service showed the night clear and light, therefore plaintiff should not recover.

*C. P. Gould* and *S. L. Gilson*, for defendant in error.—That the township was negligent is not denied; the only question is whether the evidence disclosed such a want of care on plaintiff's part as required the court to declare as a matter of law that he was guilty of contributory negligence and to withhold the case from the jury.

As a general rule the question of negligence is for the jury. The exception to this rule is where the standard of care is determinate—the same under all circumstances. In Schum v. Pennsylvania R. Co. 107 Pa. 8, 52 Am. Rep. 468, the court says: "What constitutes negligence in a given exigency is generally a question for the jury, and not for the court. Negligence is want of ordinary care under the circumstances; the standard is, therefore, necessarily variable; no fixed rule of duty can be formed which can apply to all cases. A course of conduct justly regarded as resulting from the exercise of ordinary care under some circumstances would exhibit the grossest degree of negligence under other circumstances; the opportunity for deliberation and action, the degree of danger, and many other considerations of a like nature, affect the standard of care which may be reasonably required in a particular case. When the standard shifts, not according to any certain rule, but with the facts and circumstances developed at the trial, it cannot be determined by the court, but must be submitted to the jury."

This ruling is but a reiteration of the rule as laid down in McCully v. Clarke, 40 Pa. 406, 80 Am. Dec. 584, and other cases.

OPINION BY STERRETT, J.:

In this, as in every case of the kind, the burden of proof was on the plaintiff below. It was incumbent on him to satisfy the jury by competent evidence that the township authorities care

lessly and negligently permitted the public highway to be and remain in a condition that was unsafe and dangerous for public travel, especially in the nighttime.

No question is raised in regard to the admission or rejection of testimony; and hence all the evidence received and submitted to the jury must be regarded as both competent and relevant. It is unnecessary to refer to it specially. It not only tended strongly to prove the allegations of negligence on which the action is grounded, but it was of such a character as to make it the imperative duty of the court to submit the question to the jury. That was done in a clear and satisfactory charge, to which no just exception can be taken. The result was a verdict in favor of plaintiff below, based upon the fact that his injuries were the result of defendant's negligence.

The only ground of defense that was or with any show of reason could be insisted on was the alleged contributory negligence of plaintiff himself; and that, under all our authorities, was clearly a question for the jury, depending solely on the facts as they might find them from the evidence. There was nothing, either admitted or established by undisputed evidence, that would have justified the court in withdrawing the question from the jury and deciding as matter of law that plaintiff was guilty of contributory negligence. It therefore follows that there was no error in refusing to charge that "under the evidence in the case the verdict should be for the defendant;" and hence the third specification is not sustained. Nor is there any merit in the fifth specification, for the oft-repeated reason that refusal to enter judgment of compulsory nonsuit is not assignable for error.

Defendant's first and second points were rightly qualified by saying "that if the jury find from the evidence that the failure, on plaintiff's part, to go through the excavated way, was in consequence of the darkness, and without any negligence on his part, then he would not forfeit his right to hold the township liable."

The third point, recited in the fourth specification, was duly affirmed.

Considered in connection with other parts of the charge, there is no error in either of the detached portions thereof covered by the sixth to tenth specifications inclusive. The controlling questions were clearly for the jury, and plaintiff in error has no just

reason to complain of the manner in which they were submitted. Neither of the assignments of error is sustained.

Judgment affirmed.