## Monongahela Bridge Company, Plff. in Err., *v.* Harry L. Bevard.

Where a person having paid his toll goes on a bridge on a dark night and steps on and breaks through a defective board and is precipitated into the river, the fact that he knew the defective character of the board and its location does not defeat his right of action against the bridge company, on the ground of contributory negligence.

(Argued October 25, 1887. Decided November 7, 1887.)

October Term, 1887, No. 48, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of the plaintiff in an action on the case to recover damages for personal injuries.    Affirmed.

The following facts appeared at the trial, before STOWE, J.:

On the night of March 8, 1886, H. L. Bevard, while crossing the defendant's bridge, stepped on a board which broke and precipitated him into the river, whereby he suffered serious injuries.    The night was dark and the bridge, which was a covered one, was not lighted at the end near which the accident occurred. The plaintiff testified that he had noticed the board several times before; that he knew of its location in the foot walk and could have walked on either side of it.    He had paid his toll for the year.

The defendant, presented, *inter alia,* the following points:

4. If the plaintiff knew before and at the time of the accident of the defective character of the plank through which he fell, and knew also of its location in the foot walk, and could have avoided it by walking on either side of the plank, or by stepping down from the foot walk onto the carriage way, and did not endeavor

---

NOTE.—In Kingston Twp. v. Gibbons, 18 W. N. C. 334, it was held that knowledge of the defective condition before crossing was not contributory negligence in itself, since the plaintiff might presume that the defect had been remedied.    See Gibbons v. Kingston Twp. 10 Kulp, 25.

to do so, he was guilty of such contributory negligence as would defeat his right to recover in this action.

*Ans.* Refused. Mere knowledge does not necessarily constitute negligence. It is plain that one may exercise due care with full knowledge of danger to which he lawfully exposes himself. This is not contributory negligence. But where knowledge is fastened upon plaintiff, it is presumptive evidence of contributory negligence. But it is a disputable presumption, and may be rebutted by proper evidence appearing in the cause anywhere, of the exercise of ordinary care under the circumstances in evidence, tending to show whether or not the plaintiff was actually wanting in ordinary care in passing over defendant's bridge at the time, and in the manner and under the circumstances he passed onto and along defendant's bridge. This brings you then to consider all the facts bearing upon this point, and particularly whether it was negligence or want of the ordinary care, usual, and such as should be exercised by a passenger, passing along a common passage way, where a probable danger was known by him to exist. If under all the evidence you find that plaintiff was guilty of negligence in attempting to cross the bridge as he did, and think that he should have been more cautious and careful than he actually was in trying to avoid this point of danger, and such caution or care would have avoided the accident, plaintiff cannot recover; but if you find otherwise, then there is nothing in his conduct to prevent his recovery in this suit. (First assignment of error.)

5. That under all the evidence in the case the verdict should be for defendant.

*Ans.* Refused. (Second assignment of error.)

The court charged, *inter alia,* as follows:

"I may say there is no evidence of what the medical attendance cost him, and you, of course, will have to be careful in injecting that into the case. It may not have cost him $50, may have cost him more; we have not any idea, no proof; but the jury have a right to consider, and under all the evidence it is proper that they should consider, and allow some reasonable compensation, such as under the evidence would seem to be about fair." (Third assignment of error.)

Verdict and judgment for plaintiff for $1,750.

*Lazear & Orr,* for plaintiff in error.—Where the court below negatives a point of law, presented by counsel, in which the facts are stated hypothetically, the supreme court will on error assume that the jury would have found the facts as stated in the point. Pittsburgh Nat. Bank of Commerce v. McMurray, 98 Pa. 538; King v. Thompson, 87 Pa. 365, 30 Am. Rep. 364.

We will assume then that the plaintiff below knew before, and at the time of the accident, of the defective character of the plank through which he fell, and knew also of its location in the foot walk, and could have avoided it by walking on either side of the plank or by stepping down from the foot walk onto the carriage way, and did not endeavor to do so. Was he not, therefore, guilty of such contributory negligence as would defeat his right to recover in this action?

The plaintiff, having knowledge of the danger at the time of the accident and not endeavoring to avoid it, is guilty of contributory negligence. Mt. Vernon v. Dusouchett, 2 Ind. 586, 54 Am. Dec. 467; Bruker v. Covington, 69 Ind. 33, 35 Am. Rep. 202. See also King v. Thompson, 87 Pa. 369, 30 Am. Rep. 364.

The plaintiff's right to recover is precluded when the omission to employ the senses contributes to the injury; that is, when by their employment he might have avoided the injury. Baltimore & O. R. Co. v. Whitacre, 35 Ohio St. 631; Cleveland, C. & C. R. Co. v. Crawford, 24 Ohio St. 638, 15 Am. Rep. 633; Lake Shore & M. S. R. Co. v. Miller, 25 Mich. 274. See also Beach, Contrib. Neg. pp. 39, 40, 258.

It matters not what degree of care may be required of the defendant, or how negligent he may be; yet if the plaintiff, by his negligence, contributed in any degree to the injury complained of, he cannot recover. This rule has been consistently and uniformly declared from the time of the decision in Butterfield v. Forrester, 11 East, 60, to the present.

See Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 195, 36 Am. Rep. 662.

A man is as much bound to avoid a known danger on a public highway as anywhere else. Forks Twp. v. King, 84 Pa. 230; Durkin v. Troy, 61 Barb. 437; Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Pittsburgh Southern R. Co. v. Taylor, 104 Pa. 306, 49 Am. Rep. 580.

We apprehend also that the learned judge of the court below

erred in permitting the jury to consider the cost of medical attendance in their assessment of damages. The plaintiff offered no evidence on this point. The jury were left without anything to guide them in arriving at an estimate.

*Knox & Reed* and *C. S. Crawford,* for defendant in error.— The only question arising upon the record in this case, and argued on behalf of plaintiff in error, is whether, under all the evidence in the case, defendant in error was guilty of such contributory negligence as would defeat his right to recover damages for the personal injuries he sustained while crossing the company's bridge on the night of March 8, 1886.

This question, of necessity, became a question of fact for the jury and was very properly left to the jury to pass upon. Harrisburg v. Saylor, 87 Pa. 216; Pennsylvania R. Co. v. White, 88 Pa. 327.

Bevard did not know, at the time of the accident, whether he was near the defective board, or whether the defective board was still there. The night was dark; the bridge was an inclosed one; there was no light in that part of the bridge; he was walking with his back to the nearest light, which was a single gas jet, and he was about 210 feet from it when the accident happened; there was not sufficient light for him to have found the defective board, even if he had been critically looking for it; he had not crossed the bridge for several days, and had a right to presume that the bridge was in proper repair, and safe for pedestrians to travel upon; there were other facts in evidence qualifying those stated in defendant's fourth point; hence, it was not error in the court below to refuse to affirm it. The point was refused because it failed to disclose all the facts; the assumed facts therein were not the whole truth.

Where a point is presented reciting certain facts in the cause, which standing alone would warrant the affirmance of the point, if there be other facts in evidence, qualifying those stated in the point, it is not error to refuse to affirm the point. Altoona v. Lotz, 114 Pa. 238, 60 Am. Rep. 346, 7 Atl. 240.

The attention of the jury was fairly directed to the testimony touching on the question of negligence, and they were instructed by the court below that if Bevard's own negligence contributed to the accident, then he could not recover. Easton v. Neff, 102 Pa. 474, 48 Am. Rep. 213; Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321, 6 Atl. 128.

PER CURIAM

The court below was clearly right in all its rulings. The plaintiff, having paid his toll, had a right to expect that the bridge was safe, and that he might walk over it without danger. His previous knowledge of the defective plank in nowise compromised him, for he might justly suppose that the company had in the meantime discharged its duty by repairing the defect. It was an insurer as against any defect which it could foresee and prevent, and especially as against a defect such as the one in this case, arising from its own neglect; and it cannot avoid responsibility by charging the plaintiff with a knowledge of that negligence.

Judgment affirmed.