WINNIE MALOY *vs.* CITY OF ST. PAUL.

Argued by appellant, submitted on brief by respondent, June 7, 1893. Reversed Aug. 17, 1893.

**Previous Knowledge not Conclusive of Contributory Negligence.**

> While it is certain that previous knowledge of the existence of a defect in a street or sidewalk has an important and oftentimes a decisive bearing upon the question of contributory negligence, mere inattention on the part of a person injured by reason of such defect will not conclude him upon that question. It is not necessary that the thoughts of a traveler should at all times be fixed upon a defect in a public thoroughfare, of which he may have had notice.

Appeal by plaintiff, Winnie Maloy, from an order of the District Court of Ramsey County, *W. D. Cornish*, J., made December 22, 1892, setting aside a verdict in her favor and ordering a new trial.

On January 18, 1892, the plaintiff resided at No. 616 East Fourth Street in St. Paul. Between five and six o'clock in the evening, she started to go to the corner grocery to get milk. The sidewalk was made of plank laid lengthwise at this point to make a crossing for teams. There had been a hole in it, since the previous August, six inches wide and eighteen inches long. The surface of the ground underneath was six inches below the surface of this walk. She had often seen this hole. On this occasion it was dark, cold and snowing, and the wind blew directly in her face, and the hole was filled with light snow. She testified that she was not then thinking of it, and stepped into it, and fell and broke her left arm

and received other injuries. On February 15, 1892, notice was given the City, as required ·by the Charter, and she soon after brought this action. The issues were tried November 17, 1892, before a jury. The defendant offered no evidence. Plaintiff had a verdict for $1,500. The defendant made a case presenting all the evidence and its exceptions, and on it and the pleadings, moved the court to set aside the verdict as not justified by the evidence, and for errors in law occurring at the trial and excepted to by defendant. The court granted the motion on the ground, that plaintiff was herself guilty of contributory negligence, saying:

"The accident was the result of inattention on her part to a known peril.   *Clark* v. *St. Paul & Sioux City R. Co.,* 28 Minn. 128; *Donaldson* v. *Milwaukee & St. P. Ry. Co.,* 21 Minn. 293; *Brown* v. *Milwaukee & St. P. Ry. Co.,* 22 Minn. 165.   The following are to be distinguished on the facts from· this case: *McKenzie* v. *City of Northfield,* 30 Minn. 456; *Nichols* v. *City of Minneapolis,* 33 Minn. 430."

*Williams, Goodenow & Stanton* and *D. Ed. Dwyer,* for appellant.

The question before the court is, whether the plaintiff's testimony conclusively showed contributory negligence on the part of the plaintiff.   Contributory negligence was not pleaded in the answer.   But it appeared that plaintiff knew of the defect prior to the accident.   In *Erd* v. *City of St. Paul,* 22 Minn. 443, the trial judge refused to take the case from the jury, and his decision was affirmed.   *Matz* v. *St. Paul City Ry. Co.,* 52 Minn. 159; *Estelle* v. *Village of Lake Crystal,* 27 Minn. 243; *Kelly* v. *Southern Minn. Ry. Co.,* 28 Minn. 98; *Evans* v. *City of Utica,* 69 N. Y. 166; *Mehan* v. *Syracuse, B. & N. Y. R. Co.,* 73 N. Y. 585.

The question came before this court in *Nichols* v. *City of Minneapolis,* 33 Minn. 430.   This court there held that "previous knowledge that a street is out of repair or obstructed, does not necessarily and conclusively establish negligence on the part of a person attempting to travel it; this depends on circumstances. *Texas & Pacific Ry. Co.* v. *Cox,* 145 U. S. 593; *Kane* v. *Northern Central Ry. Co.,* 128 U. S. 91; *Dunlap* v. *Northeastern R. Co.,* 130 U. S. 649; *Weed* v. *Village of Ballston Spa,* 76 N. Y. 329; *Jones* v.

*East Tennessee, V. & G. R. Co.*, 128 U. S. 443; *Illinois Cent. R. Co.* v. *Foley*, 53 Fed. Rep. 459.

The question is, did plaintiff exercise ordinary care and vigilance? and this should be left to the jury. Knowledge of danger is not negligence *per se*. *Humphreys* v. *Armstrong County*, 56 Pa. St. 204; *Mahoney* v. *Metropolitan R. Co.*, 104 Mass. 73; *Piper* v. *Minneapolis Street Ry. Co.*, 52 Minn. 269; *Street* v. *Holyoke*, 105 Mass. 82; *Whittaker* v. *Inhabitants of West Boylston*, 97 Mass. 273.

It is not required that the traveler's thoughts should be constantly upon the condition of the way over which he passes, as to its want of repair. That circumspection only, is required which prudent men ordinarily use. It is certain that previous knowledge of the existence of the defect, although it has an important and oftentimes decisive bearing on the question, is not conclusive. *George* v. *Haverhill*, 110 Mass. 506; *Barton* v. *City of Springfield*, 110 Mass. 131; *Looney* v. *McLean*, 129 Mass. 33; *Dewyre* v. *Bailey*, 131 Mass. 169; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572; *Lyman* v. *Amherst*, 107 Mass. 339; *Reed* v. *Northfield*, 13 Pick. 94; *McCue* v. *Knoxville Borough*, 146 Pa. St. 580; *Vance* v. *City of Franklin*, 4 Ind. App. 515; *Kendall* v. *City of Albia*, 73 Iowa, 241; *City of Sandwich* v. *Dolan*, 141 Ill. 430; *Snow* v. *Provincetown*, 120 Mass. 580; 2 Dillon, Munic. Corp. § 1020.

In general, negligence is a mixed question of law and fact and is to be determined by the jury. The cases where a nonsuit has been sustained on the ground of contributory negligence are exceptional and are confined to cases where the undisputed facts show the omission or commission of some act which the law adjudges negligence. *Stackus* v. *New York Cent. & H. R. R. Co.*, 79 N. Y. 464.

*L. T. Chamberlain* and *H. W. Phillips*, for respondent.

The trial court granted a new trial upon the theory that the plaintiff, by her own testimony, had shown conclusively that she was guilty of contributory negligence, and therefore was not entitled to recover from the defendant, and it seems almost useless to enter into a discussion of that question after reading the memorandum filed by the trial court.

It is pertinent to say, however, that the plaintiff's counsel in their brief, have avoided to a certain extent a discussion of the real point in issue in this case, and have laid too much stress upon the question whether the using of the street with knowledge of the defect is contributory negligence. We do not propose to argue that an individual traveling upon a defective street or sidewalk, and who receives an injury by reason of a defective condition in the same, will be held to be negligent simply from the fact that the individual knew of the existing defect, but the claim is that when a person goes upon a public street or sidewalk knowing of the exist· ence of a defect in the condition thereof, that such person must use such care as would be required of a person of ordinary prudence, to avoid injuries from a known defect.

In this case the plaintiff knew of the defect, and she ought to be required to exercise ordinary care and caution to avoid injury; and the claim of the respondent is, that she did not use any care whatever, and her own testimony so shows. If she had been using any care, or had done anything, or attempted to do anything, to avoid the known peril, it might in that case have been proper to have submitted the case to the jury for a verdict as to whether the care, or the acts, or attempts, of the plaintiff to avoid what· was known to be the existing danger were ordinary care on her part. *Walker* v. *Town of Reidsville,* 96 N. C. 382; *Town of Gosport* v. *Evans,* 112 Ind. 133.

If the court did not possess the power to hold upon the undisputed facts as a matter of law that the plaintiff was guilty of contributory negligence, it still would have been the duty of the trial court in the exercise of sound discretion to set aside the verdict and grant a new trial, on the ground that the verdict was not justified by the evidence, and, although the judge's memorandum does not touch that question, yet if the verdict be set aside on that ground the determination of the District Court would not be disturbed by this court except in a clear case of abuse of discretion.

COLLINS, J. Plaintiff brought this action to recover for personal injuries caused by a defective sidewalk, and obtained a verdict, which was set aside, and a new trial ordered, on motion

of defendant city. The facts were not in dispute. The defect was in the walk in front of the lot on which plaintiff resided with her husband, and close by their dwelling. The planks in the walk at this particular point had been laid lengthwise, and one had been broken down, so that there was a hole about eighteen inches long and about six inches in width, at the widest place. The walk had been laid six inches above the surface of the ground. It had been in this defective condition for more than three months, and plaintiff had known of this all of the time. She had passed by this break or hole daily for more than two months prior to the evening of this accident, carefully avoiding the dangerous place. When the accident occurred, there was a light snow upon the walk, partly filling the hole, and the snow was still falling. About dark, plaintiff, who was fifty years of age, having occasion to go to a neighbor's, went out on the walk, and, stepping into the hole, was thrown down, thus receiving the injuries complained of. She testifies that the falling snow was blown into her eyes so that her vision was obstructed, and also that she did not think of the defect as she walked along. It did not appear from the testimony that there was anything to distract her attention, and, because there was nothing justifying or excusing inattention to the well-known condition of the walk, the court below ordered a new trial.

In accordance with the prevailing rule everywhere, it has again and again been held by this court that previous knowledge of the condition of a street or sidewalk is not conclusive evidence of contributory negligence, so as to bar a recovery by a person injured in consequence of its being out of repair; and the cases were collated very recently in *Wright* v. *City of St. Cloud, ante,* p. 94, (55 N. W. Rep. 820,) in which a recovery was denied because it was apparent from plaintiff's own testimony that she had full and present knowledge of the exact condition of the walk, and the risk incident to traveling upon it, could easily have avoided it, and simply overestimated her own ability to go across, in broad daylight, without falling. On the facts the case at bar is not analogous. The defect here was not such as would or should have turned the prudent traveler off from the walk to seek a better route. The accident happened in the evening, when the snow was falling, blowing, and to some extent obscuring the vision of the plaintiff,

and filling the hole in the walk. Although advised of the defect, she did not have it presently in mind. Nor is it necessary that the thoughts of a traveler should be at all times fixed upon defects in the street or sidewalk, of which he may have notice. *George* v. *Haverhill,* 110 Mass. 506; *Barton* v. *City of Springfield,* Id. 131. It is certain that previous knowledge of the existence of a defect has an important, and oftentimes a decisive, bearing upon the question of contributory negligence; but mere inattention to a known danger, on the part of this plaintiff, cannot be held to conclude her. Of the Minnesota cases before referred to, that of *Estelle* v. *Village of Lake Crystal,* 27 Minn. 243, (6 N. W. Rep. 775,) is, on the facts, as they appeared in the record,—although not very fully stated in the opinion,—more in point than any other.

Order reversed.

(Opinion published 56 N. W. Rep. 94.)