[No. 1373. Decided January 3, 1895.]

JOHN McQUILLAN, *Appellant, v.* THE CITY OF SEATTLE, *Respondent.*

ACTION AGAINST CITY—DEFECTIVE SIDE WALK—CONTRIBUTORY
NEGLIGENCE.

The question of contributory negligence is for the jury to determine from all the facts and circumstances of the particular case, and it is only in rare cases that the court is justified in withdrawing it from the jury.

The mere fact that a person injured through a defect in a sidewalk had knowledge of the defect when the accident occurred is not *per se* conclusive of negligence on his part; all the law required of him was the exercise of ordinary care in avoiding the defect.

Momentary forgetfulness of the defective condition of a sidewalk at the time of receiving an injury, by one who has knowledge of the defect, is not necessarily conclusive proof of negligence.

*Appeal from Superior Court, King County.*

*Byers, McElwain & Byers,* for appellant.

*W. T. Scott,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—About eight o'clock on the evening of March 8, 1892, the appellant left the Villard House, at the corner of Railroad and Yesler avenue, to go to his home on South Fifth street, between Main and Jackson streets, in the city of Seattle. When he reached the corner of Fourth and Jackson streets he walked eastward, on the south side of Jackson street, in the direction of his house, nearly one hundred feet, and then crossed over to the sidewalk on the north side. The sidewalk on that side of the street was in such a defective and dangerous condition for the space of about one hundred feet immediately east of Fourth street, that it was unsafe to travel upon it, and had been in the same condition for more than a year previous to the date above mentioned, and the appellant was cognizant of it,

having passed along that portion of the street almost daily, in going to and from his home, for a period of two years or more. The defects in the sidewalk consisted of openings caused by the removal of one or more planks at several different places, which were not replaced but were laid loosely across the open spaces, in some instances, if not all, near the outer edge of the walk. There was no railing or other safeguard around this defective portion of the walk, nothing to give warning of danger, and the night was dark, and the street in that vicinity was but dimly lighted. The appellant, thinking he had passed all the dangerous places, approached the sidewalk and stepped upon a loose plank which was lying partially across an open space, about two feet wide, at the eastern extremity of the defective portion. The board suddenly tipped downward and the appellant fell through the sidewalk to the ground beneath, a distance of eighteen or twenty feet, thereby receiving serious bodily injury. Thereafter he instituted this action against the city to recover damages for the injuries sustained. The cause proceeded regularly to trial, and, at the close of plaintiff's evidence a non-suit was granted, on motion of the defendant, on the ground of contributory negligence on the part of the plaintiff. Judgment for costs was thereupon entered against the plaintiff.

The sole question to be determined on this appeal is whether the learned trial court erred in granting the non-suit. Generally the question of contributory negligence is for the jury to determine from all the facts and circumstances of the particular case, and it is only in rare cases that the court is justified in withdrawing it from the jury. *Railroad Co. v. Stout*, 17 Wall. 657 ; *Grand Trunk Railway Co. v. Ives*, 144 U. S. 408 (12 Sup. Ct. 679); *Lowell v. Watertown*, 58 Mich. 568 (25 N. W. 517); *Detroit & Milwaukee Railroad Co. v. Van Steinburg*, 17 Mich. 121 ; Jones, Neg. of Mun. Corp., §§ 221, 222 ; *Maloy v. St. Paul*, 54 Minn. 398 (56 N. W. 94); *Ladouceur v. Railroad Co.*, 4 Wash. 38 (29 Pac. 942); *City of Denver v. Soloman*, 2 Col. App. 534 (31 Pac. 507); 2 Thompson, Negligence, p. 1236.

30-10W

There are two classes of cases in which the question of negligence may be determined by the court as a conclusion of law, but we think the case in hand does not fall within either of them. The first is where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances. *City of Denver v. Soloman, supra,* and authorities cited. And the second is where the facts are undisputed and but one reasonable inference can be drawn from them. Cooley on Torts, pp. 670, 671 ; 2 Thompson on Negligence, §§ 1236, 1237. If different results might be honestly reached by different minds then negligence is not a question of law, but one of fact for the jury. *Grand Trunk Railway Co. v. Ives, supra.*

The mere fact that the appellant was aware of the defective condition of the sidewalk when the accident occurred is not *per se* conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence.

*Bridge Co. v. Bevard* ,(Pa.) 11 Atl. 575 ; *Millcreek Tp. v. Perry*, (Pa.) 12 Atl. 149 ; *Kelly v. Blackstone*, 147 Mass. 448 (18 N. E. 217); *Frost v. Waltham*, 12 Allen, 85.

Having knowledge of the defect he was bound to use more care in passing than if he had been entirely ignorant of it, but he was not bound to use extraordinary care. All that the law required was the exercise of such care and caution as a person of ordinary prudence would use under similar circumstances. This, we think, is the doctrine maintained by all of the authorities. And as the evidence does not indisputably show that the appellant did not exercise ordinary care, it should have been left to the jury to say whether he did or did not.

Several cases are cited by the respondent in support of the ruling of the court below, but, in our opinion, none of them refutes the correctness of the propositions we have here announced. *Wright v. St. Cloud*, 54 Minn. 94 (55 N. W. 819), is one of the cases relied on by the respondent (and the others are of similar character), but in that case

the plaintiff plainly saw the condition of the way and yet unnecessarily and deliberately attempted to pass, and the court very properly held that the plaintiff was not entitled to recover because of contributory negligence. No other legitimate conclusion could have been drawn from the facts before the court. But that that was an exceptional case is shown by a later decision in the same court, in *Maloy v. St. Paul, supra,* wherein an order of the lower court granting a new trial on the ground that the plaintiff had knowledge of the defect in the walk causing her injury, was overruled.

The testimony of the appellant discloses that at the moment he supposed he was stepping upon the sidewalk he was not thinking of the hole through which he fell, but momentary forgetfulness is not necessarily conclusive proof of negligence in cases of this character. *Kelly v. Blackstone, supra; Maloy v. St. Paul, supra.*

The judgment is reversed and the cause remanded with directions to deny the motion for non-suit, and for further proceedings.

DUNBAR, C. J., and STILES and SCOTT, JJ., concur.

HOYT, J. (*dissenting*).—I think the motion for non-suit was properly granted. Appellant's own testimony showed him to have been familiar with the locality and with the defects in the sidewalk ; that it was to avoid the defective places that he went up the other side of the street ; that he knew that there was safety in continuing on that side ; that he would have done so had it not been for the presence upon the sidewalk on that side of the street of a crowd of men, which made it a matter of some little inconvenience for him to continue thereon ; that to avoid this crowd he crossed over, as he thought he had already passed the defects in the sidewalk. So much appearing, the only inference to be drawn was that he was guilty of negligence in crossing the street until he was certain he had passed the place where the sidewalk was defective. His thinking he had passed was not sufficient in the light of the fact that perfect safety, with slight inconvenience, could have been had by continuing

upon the side on which he was travelling.    In my opinion,. the judgment should be affirmed.