[No. 3420. Decided April 12, 1901.]

WILLIAM C. HENCKE, *Respondent*, v. WILLARD H. BAB-COCK *et ux., Appellants.*

MASTER AND SERVANT — DEFECTIVE MACHINERY — INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE.

In an action to recover for personal injuries, the refusal of the court to instruct the jury to find for defendant, on the ground of plaintiff's contributory negligence, was proper when the evidence showed that plaintiff, while tending the separator of a threshing machine had the engine stopped so that he could remove and substitute concaves in the cylinder of the separator and straighten the teeth on such concaves; that while he had his hands in the cylinder engaged in such work the engine, owing to its leaky, defective and worn out condition, which was unknown to plaintiff, but of which defendant had knowledge, started automatically after it had been stopped by the engineer, communicating power to the separator and causing the cylinder to revolve, whereby plaintiff's hands were so badly lacerated that amputation was necessary; that there would have been no opportunity for the cylinder to be set in motion, if plaintiff had removed the pin holding together the knuckles of two sections of a revolving tumbling rod, which was used to communicate power from the engine to the separator, but it was never customary to disconnect the separator from the source of power in that way; that the cylinder could have been held from turning by the insertion of an iron bar so as to catch its teeth, but such a method was not customary as it was necessary to slowly turn the cylinder when examining whether its teeth and those of the concaves interfered; and that the evidence as to defendant's having instructed plaintiff to use an iron bar for the purpose of holding the cylinder was conflicting.

INSTRUCTIONS — WITHDRAWAL OF REQUEST FOR WRITTEN INSTRUCTIONS — EFFECT.

Where appellants did not ask for written instructions, nor join respondent in his request therefor, the appellants cannot urge the objection on appeal that they had no knowledge of respondent's having withdrawn his request for written instructions, and that they relied on the instructions being given in that form, and not orally.

SAME — LENGTH OF — DISCRETION OF COURT.

The length of the instructions given by the court to the jury is a matter within its discretion, and error cannot be predicated thereon, as long as the instructions given contain correct statements of the law as applied to the particular case.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*Struve, Allen, Hughes & McMicken, P. J. Cavanaugh* and *Thomas & Dovell,* for appellants.

*B. L. & J. L. Sharpstein* and *William H. Upton,* for respondent.

PER CURIAM.—This action was commenced in the superior court of Walla Walla county, and was brought by the respondent against appellants to recover damages for personal injuries received by respondent while working with a threshing machine owned and operated by appellants. The complaint shows that appellants were husband and wife, and engaged in the business of farming, and of threshing their grain raised on their own land, and also the grain of other persons; that the respondent was a blacksmith by trade, and a blacksmith and a separator tender by occupation, well skilled in both of said occupations, and capable of earning at said occupations the sum of $3.50 per day during every working day of the year; that on the 3d day of August, 1898, he was forty-five years old, healthy, robust, industrious, and active for his years, and but for the injury complained of would have continued capable of earning, and would have earned, said sum per day continuously for many years to come; that on the 3d day of August, 1898, he was employed by appellants as a separator tender in their business of threshing their grain upon a certain farm in said county commonly known as the "Kimball Ranch;" that the separator by

which said threshing was done, and which respondent was employed to tend, was on said day propelled by a certain steam engine owned and furnished by appellants, which said steam engine then was, and was by appellants then and there well known to be, old, worn out, leaky, defective, dangerous, liable to start automatically and suddenly after it had been stopped by the engineer, and entirely unsafe to be used in propelling a separator; that the appellant Willard H. Babcock, was an experienced machinist and steam engineer, and respondent was without experience, knowledge, or skill in any matter relating to engines, and had no knowledge whatever of any of the defects of said engine; that one of respondent's duties as such separator tender was to remove from time to time the concaves of said separator, and substitute other concaves therefor and straighten the teeth on the concaves and cylinder of said separator, for the safe performance of which duty it was necessary that said engine should be stopped and remain stopped until said duty was completed; that while respondent was so employed, and was engaged in and about the removal and substitution of said concaves and the straightening of said teeth, and after said engine had been stopped for the purpose of permitting the performance of said duty, said engine, without the knowledge of respondent, and without any fault or negligence on his part, but solely because of the defective and unsafe condition of said engine aforesaid, suddenly and automatically started in motion, and thereby caused the cylinder of said separator to revolve at a high rate of speed, and respondent's hands were thereby caught between the teeth of said cylinder and the teeth on said concaves, and were so cut, torn, crushed, bruised, and lacerated that, in order to save respondent's life, it became necessary to amputate his left hand, and parts of the second and third

fingers and two joints of the fourth finger of his right hand, by reason whereof he alleges that he is damaged in the sum of $20,000, and in the further sum of $182.50 for indebtedness incurred in medical and surgical treatment; and he prays judgment for the aggregate of said sums. The answer denies the material allegations of the complaint, and affirmatively avers contributory negligence on the part of the respondent, as follows, towit:

"At the time the said plaintiff undertook the employment of separator tender for said defendants, he at all times well knew and was informed that it was necessary in order to, with safety to himself, repair or clean the cylinder teeth or concave teeth described in the complaint, that he should insert in the cylinder of said machine a certain iron rod furnished to him for said purpose, or adopt other means so that said cylinder might be held fast and would not move while the said teeth were being repaired or cleaned; but the said plaintiff, disregarding said knowledge and said information, on the said 3d day of August, 1898, undertook to repair and clean the cylinder teeth and concave teeth of said machine when the same had become clogged and stopped, while the engine furnishing the motive power to said separator was in motion, and without causing the said engine to stop, and without inserting in said cylinder in which the said concaves were the said iron bar so furnished him to be inserted for said purpose, and without disconnecting said separator from said engine and without adopting any method whereby said cylinder should be held stationary while said cleaning and repairing was being done; so that, by reason of such carelessness, negligence and fault of the said plaintiff, and without any carelessness, negligence or fault of said defendants, or either of them, said cylinder suddenly started to turn and caused thereby the injury complained of."

The case was tried before a jury, and a verdict returned against appellants in the sum of $5,182.50. Appellants

thereupon interposed a motion for a new trial, which was overruled, and they then appealed to this court.

Appellants' first assignment of error is as follows: "Error of the court in refusing to instruct the jury to find for the defendants;" which refusal was excepted to. Counsel insist that respondent, Hencke, was guilty of contributory negligence in not removing the tumbling rod before placing his hands in the cylinder. It appears from the evidence that the engine communicated its power to the separator by means of a revolving tumbling rod, which consisted of sections united by means of knuckles and pins, and two sections could easily be disconnected by removing the pin holding the knuckles together. It is contended that Hencke should have disconnected this rod before commencing his work at the cylinder, thus making it impossible for any power to be communicated to the cylinder. Witnesses testified that they had never seen this done, but that they themselves and others whom they had observed had always done this work at the cylinder and concaves without disconnecting the separator from the source of power. Certainly there was sufficient evidence upon this subject to justify the jury in believing that an ordinarily prudent man would not think it necessary to disconnect the engine from the separator in the absence of knowledge on his part that the engine was defective and liable to start automatically. It must have been manifest to the jury from the evidence that a man of ordinary prudence would have a right to expect that when the engine was stopped it would remain stationary until started by the act of the engineer in charge. The testimony shows that the engine was stopped for the express purpose of giving Hencke an opportunity to adjust the teeth on the cylinder and concaves, and, if the jury believed from the evidence that he had no knowledge of any defect in this engine,

then they were justified in finding that he was acting the part of an ordinarily prudent and careful man when he was doing this work, and that he had a right to believe the power would remain inactive until he had finished, and had so informed the engineer. As to the knowledge of Hencke concerning the condition of this engine, the jury heard the following testimony of himself:

"Question. Are you an engineer?

Answer. No, sir.

Q. Had you discovered any defect in this engine?

A. No, sir.

Q. You did not know anything about it?

A. No, sir."

The jury must have believed the above evidence, and it is sufficient to sustain the finding that Hencke knew of no irregularity in this engine, and was acting the part of a prudent man, when he worked at the cylinder without disconnecting the tumbling rod.

It is next contended that Hencke was guilty of contributory negligence in not inserting an iron bar so as to catch the teeth of the cylinder, and thus hold it from turning, and it is asserted by counsel that Willard H. Babcock, one of the appellants, had instructed Hencke to use such a bar when working at the cylinder and concave. There is a conflict in the testimony upon this point. Babcock and one or two other witnesses testified to a conversation which is said to have occurred when a number of persons were present, including Hencke, in which conversation Babcock referred to an occasion when his own hand was caught by the cylinder, and he said, in substance, that he would not take chances himself any more, but had since always used the bar, and wanted every one else to do it, as he did not want any one hurt. Hencke denies hearing this conversation. The jury were expressly instructed by the court that if they found from the evidence that Hencke

had been instructed by Babcock to use such iron bar, and that he then neglected to use it, in that event Hencke could not recover.   The jury must, therefore, have believed Hencke's testimony, and must have found that no such instruction was given.   In the absence of such instruction, the same principles apply to the use of the iron bar that have already been discussed in connection with the tumbling rod.   A number of witnesses testified that they had never known such a bar to be used, but they themselves as separator tenders had always done the work without such a bar, and had always seen it so done.   But, even though it were more prudent to use such a bar to hold the cylinder while in the act of straightening the teeth or of removing and inserting concaves, yet it was necessary, as the testimony shows, to turn the cylinder slowly in order to discover if the teeth of the cylinder and concaves interfered, as that was the very purpose of the examination.   There is much evidence to the effect that such turning is almost univerally done with the hands, and that to use a bar for such purpose would subject one to much danger if the power were suddenly applied.   The testimony, we think, shows that Hencke was engaged in this very act of turning the cylinder to make the test above mentioned when this accident occurred.   We therefore think Hencke cannot be held chargeable with negligence for not using the iron bar unless he had been expressly instructed so to do, and, as already said, the verdict of the jury, under the court's instructions, says that Hencke had no such instructions from Babcock.   This court has held that the question of contributory negligence is for the jury to determine from all the facts and circumstances of a particular case, and that it is only in rare cases that the court would be justified in withdrawing it from the jury.   *McQuillan v. Seattle,* 10 Wash. 464 (38 Pac. 1119,

45 Am. St. Rep. 799) ; *Steele v. Northern Pacific Ry. Co.,* 21 Wash. 287 (57 Pac. 820). We think, therefore, that the court properly refused the request to instruct the jury to return a verdict for defendants.

There is much evidence bearing upon the defective condition of the engine, to the effect that by means of a defective valve there was such leakage of steam as was liable to start the engine at any moment, and that it was this condition that caused it to start while Hencke's hands were in the cylinder. The fact is, as shown by the testimony, that it did start suddenly and unexpectedly, and the jury should determine if it was because of the defective condition of the engine. There was evidence to the effect that Babcock knew of such defective condition, and that he had said he would wait until they finished threshing at the Kimball ranch before he would have it repaired.

Appellants' fifteenth assignment of error is as follows: "Error of the court in giving a portion of the instructions orally after request for written instructions had been made and against the objection of defendants' counsel."

We learn from the record that respondents' counsel requested the court to instruct the jury in writing, but immediately thereafter withdrew the request. It appears, however, that appellants' counsel did not hear the announcement of the withdrawal of the request for written instructions. The court thereafter gave a portion of his instructions orally, and upon the return of the jury from the jury room with a request from them for further instructions, he again instructed them to some extent orally. Appellants' counsel now except to the course of the court in instructing orally after the request of respondent's counsel for written instructions, on the theory that as they did not hear the withdrawal of the request by respondent's counsel, they had a right to expect that the instructions

would be given in writing. Respondent had an undoubted right to ask for written instructions, and he had also a right to withdraw the request. The case then stood as if no such request had been made. Appellants had the·same right, but it nowhere appears that they made such a request. They relied upon the fact that respondent had made a demand for written instructions, and now complain that they were not given in writing. If they desired written instructions they should have *joined* with respondent in the request. But they are now in no position to complain.

Appellants' sixteenth assignment of error is as follows: "Error of the court in instructing the jury at such length that they were misled and confused." The instructions were long, it is true, there being sixty numbered instructions. We recognize it to be the duty of the trial court to state the law to the ·jury as succinctly and directly as possible, so that they may not become confused. It is impossible, however, for us to lay down any rule, and say that instructions of a given length may have confused the jury. This must rest largely in the discretion of the court trying the cause, as long as the instructions given contain correct statements of the law as applied to the particular case. We realize that there is a tendency with trial courts to give voluminous instructions in what they deem to be important cases, but we do not believe this practice arises so much from the volition of the courts themselves as from the practice of counsel in submitting requests for numerous and extensive instructions. The judge, with a sincere desire to be fair, and fearing that he may commit error if he shall decline to give a requested instruction that contains a statement of the law applicable to any fact in the case, is thus often led, in the haste and pressure of a jury trial, to repeat himself, and to make his instructions longer than he otherwise would. In the case at bar we note from the

record that appellants' counsel, who complain of the long instructions, submitted at least twenty requests for instructions, and, with perhaps ·an equal or greater number of requests from respondents' counsel, the court was confronted with the task of segregating from all these a statement of what he believed to be the law of the case. We would suggest that it is the province of counsel, when submitting requests for instructions, to assist the court in simplifying them by making the requests as brief and direct as a clear and concise statement of the law will permit.

The remaining assignments of error upon the court's instructions we do not deem it necessary to discuss, for the reason that we think the instructions, taken as a whole, fairly state the law applicable to the case.· Upon the whole, we find no substantial error in the record.

The judgment is therefore affirmed.