[No. 38905.    Department One.    August 3, 1967.]

CATHERINE M. JOHNSON, *Individually and as Executrix, Appellant*, v. ASSOCIATED SAND & GRAVEL COMPANY, INC., *et al., Respondents.**

*Reported in 430 P.2d 944.

*B. E. Lutterman,* for appellant.

*Anderson & Hunter,* by *Julian C. Dewell,* for respondents.

JAMES, J.†—This is a wrongful death action. The decedent was a pedestrian who was struck by corporate respondent's dump truck. After the presentation of the evidence of both parties at the jury trial, the court granted respondents' motion to dismiss with prejudice upon the ground that the evidence established contributory negli-

gence on the part of decedent as a matter of law. At oral argument counsel for both parties agreed that the composite drawing, reproduced here, fairly represents the scene of the tragedy.

---

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The accident occurred as respondent driver was backing a 10-yard dump truck in a southerly direction in the excavated area immediately adjacent to the easterly edge of the paved portion of U.S. Highway 99, north of Seattle. He had contemplated backing a distance of three or four blocks to discharge a load of asphalt into a paving machine. The impact which caused the death occurred some 100 to 150 feet south of the place at which the backing maneuver commenced and at a point immediately in front of the St. Francis Motel, owned by decedent and his wife. Immediately prior to impact decedent stepped into the path of the truck.

■ In ruling on the motion to dismiss, the trial judge correctly recognized his obligation to accept as true that interpretation of the evidence which is most favorable to the plaintiff. *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 397 P.2d 857 (1964).

Respecting the actions of the respondent driver, it was without dispute that: (1) The driver's view to the rear was limited (because of the structure of the dump body) to that which he could observe in two outside rearview mirrors— left and right. (2) Neither rearview mirror afforded a view of the area immediately to the rear of the truck for a distance of approximately 150 feet. (3) No lookout or flagman was present to assist in the backing maneuver or to warn others of the backward movement of the truck. (4) The truck was not equipped with any audible warning device.[1] The mechanism which activated the flashing light warning device was not operating properly and so the driver "turned the whole bunch off" before he started to back up. (5) This was the first occasion for a truck loaded with asphalt to be backed along the excavated area. (6) No barriers were placed on either side of the construction strip in the vicinity of decedent's motel. (7) Decedent, his wife, patrons of their motel and school children had been neces-

---

[1] Such as bells which are activated by backing the truck and with which the driver was familiar.

sarily crossing the construction strip in the vicinity of the motel during all of the construction period of 2 weeks.

Respecting the actions of the decedent it was without dispute that (1) he was observed to be standing facing west toward the highway a short distance to the east of the point of impact at about the time the truck started to back up; (2) he was seen to take a "long," "forward leaning" step into the path of the truck immediately prior to impact.

The ultimate inquiry presented by the challenge is, of course, as to the conduct of decedent. In judging his conduct, however, it is necessary to examine the conduct of the respondent driver, not for the purpose of assessing his negligence, but for the purpose of weighing its impact upon decedent. The question is: How did decedent act or react as to his environmental stimuli? Could it have been the response of a reasonable man?

■ That this is usually a fact question is the basis for the principle first enunciated in *McQuillan v. Seattle,* 10 Wash. 464, 465, 38 Pac. 1119 (1895).

> Generally the question of contributory negligence is for the jury to determine from all the facts and circumstances of the particular case, and it is only in rare cases that the court is justified in withdrawing it from the jury.

*McQuillan* gives us two classes of cases in which the question of negligence may properly be determined by the court as a matter of law. The first, not apposite here, is "where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances." It is the second classification which is relied upon by respondents in support of the trial court's ruling. This is defined in *McQuillan* as a case "where the facts are undisputed and but one reasonable inference can be drawn from them." *McQuillan v. Seattle, supra,* at 466.

We do not consider this to be such a case. In our view there is a dispute as to a critical question of fact not alluded to by the trial court in its oral opinion. *Dahl v.*

*Klampher, ante* p. 203, 427 P.2d 709 (1967). Did the driver of the truck bring it to a stop immediately before decedent stepped into the path of the again moving vehicle? True, the driver at one point in his testimony testified that his speed to the rear was a constant 4 to 5 miles per hour from the start of his run until he stopped some 30 to 40 feet south of the point of impact. But, at another point, he described the course of a laundry truck which pulled out of the area "right in behind me, coming out of the motel, then behind me and I let up on the gas to see where he was going to start, . . . ." His testimony placed this incident in the immediate vicinity of the point where decedent was struck.

Most important is the testimony of the only eye witness to the accident. He was the driver of a northbound car who observed both the truck and the decedent before and at the moment of impact. At least five times in his testimony he stated he thought that the truck was stopped immediately prior to the impact.

Considering this evidence in the light most favorable to the plaintiff, a jury could find that the truck had stopped; that decedent saw it stop and believed it was safe to cross the excavated shoulder of the road and that the truck started up again suddenly.

We cannot know with certainty why the decedent stepped into the construction area. He died. But we do not presume either negligence or an intent to commit suicide. Appellant has no burden of proving an absence of negligence on the part of the decedent. On the other hand, respondents have the ultimate burden of establishing that decedent was contributorily negligent by a fair preponderance of the evidence. *Mills v. Pacific Cy.,* 48 Wn.2d 211, 292 P.2d 362 (1956). If the case is to be disposed of by the court as a matter of law, the respondents' burden is greater. Respondents must then prove "undisputed facts" from which the only conclusion to be drawn is contributory negligence. Such were not established here. *Dahl v. Klampher, supra.*

The judgment is reversed and the case remanded for a new trial.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.

October 10, 1967. Petition for rehearing denied.