## MENZ v NAU

Ohio Appeals, 9th Dist, Lorain Co

No 543. Decided Nov 17, 1930

Stevens & Stevens, and Cyril J. Maple, all of Elyria, for Menz.

Harry M. Redington, Elyria, for Nau.

**FUNK, PJ.**

The parties will be referred to as they stood in the trial court.

Defendant complains of two claimed errors in the admission of evidence and seven in reference to instructions to the jury—being one as to the special request given before argument and six as to the general charge.

First it is contended that the court erred in the admission of the testimony of certain witnesses concerning marks observed in the pavement the next afternoon after the accident, which occurred about 11 o'clock the preceding night.

Under the whole record in this case, and in view of the testimony of witnesses who saw the marks in the pavement immediately following the accident, and since the defendant himself said he did not examine these marks until the next day and testified as to them as he saw them the next day, we find no prejudicial error in the admission of this evidence. The length of time after the accident at which the witnesses saw the marks would have some bearing upon the weight to be given to this testimony, but did not in this case make it incompetent.

Second, counsel complain that when plaintiff was interrogated as to how long after the accident the injuries he had received therefrom caused him pain he said "they still do at times." It is contended

this is error because plaintiff in his petition only claimed that he suffered pain for a week after the accident, or rather that he only lost a week's time from his work after the accident and made no further claim for time.

Under the whole record and the charge of the court, especially on this subject at pages 352 and 353 of the record, where the court instructed the jury that plaintiff could recover only "insofar as he has produced the burden of proof in support of the items of damage set forth in his petition," and then proceeded to call special attention to the various items of damage claimed in the petition, we find no prejudicial error in this particular.

Third, it is claimed that the court erred in giving plaintiff's special request to charge before argument, in this, that the word "proximately" was omitted before the word "cause."

While this may be a slight technical error, we are clearly of the opinion that it was not prejudicial to defendant, especially when taken in connection with the special requests to charge given on behalf of the defendant before argument, and the general charge.

Fourth, it is contended that the court erred in the general charge in the following particulars: (1) that a careful reading of the charge in connection with the pleadings will show that the trial judge substantially merely read the pleadings and did not properly define the issues; (2) that the court erred in charging the statute concerning speed limit and read the statute now in force but corrected it only by giving the different speed limits that were in force at the time of the accident; (3) that the court erred in charging certain statutes on the rules of the road without making the proper application of them to the instant case; (4) that the court erroneously charged concerning the defense set up by the defendant and did not properly explain the part of the first defense in which it was claimed that the collision was caused by the sole negligence of the defendant Schweda, and improperly charged concerning contributory negligence; (5) that the court erred in its charge on the question of negligence and proximate cause as between the defendant Menz and the defendant Schweda; and (6) that the court ignored the defense of general denial and did not properly explain that defense to the jury.

We have carefully considered all these claimed errors, and while the judge may not have defined or stated the issues as succinctly as might have been done and may not have corrected the reading of the statute as elaborately as should have been done and did not make a detailed application of the statute on the rules of the road to the instant case and may not have explained the several defenses as definitely as counsel for defendant claim should have been done and may not have set forth with that nicety of logical sequence and definite wording the various other matters complained of as counsel for defendant urge should have been done or that some other judge might have done, we think that, taking the record as a whole, including the general charge and especially the special requests to charge given before argument at the request of the defendant, the jury throughly understood the several claims and defenses and the issues between the parties and that there is thus no error prejudicial to the defendant.

From our reading of the record, we are therefore of the opinion that defendant had a fair trial and that there can be no question but that the collision was caused by the negligence of either Menz or Schweda or both, as we do not see how the jury could have found from any evidence in this record that plaintiff was guilty of any negligence.

The judgment will therefore be affirmed.

Pardee, J, and Washburn, J, concur.