**THOMPSON v. COOPER.**

Common Pleas Court, Hamilton County.

No. A-119189. Decided November 24, 1950.

John M. McCaslin, Jr., Cincinnati, for plaintiff.
Robert F. Dreidame, Cincinnati, for defendant.

**OPINION**

By PECK, J.

This matter is before the court on the plaintiff's motion for a new trial. The case is one arising out of an accident involving the two automobiles of the two parties, and was tried upon the plaintiff's petition and defendant's cross-petition. The jury found neither party entitled to recover.

The only point raised upon the motion here felt entitled to consideration is a novel one in the law of Ohio; as a matter of fact, we have not been cited to any case in point from any jurisdiction. It involves the plaintiff's proffered testimony that at some time after the accident the green light controlling the movement of traffic in the direction in which the defendant was moving had burned out, defendant having testified that the light was burning green when he entered the intersection.

The novelty of the proposition arises from the fact that it is apparently an attempted inversion of the legal maxim that a condition once shown to exist will be presumed to continue until the converse is shown. In other words, can a condition be shown to exist at a given moment by proving that that condition existed at some subsequent time? We think not. While the maxim referred to may by reason of logic work very well in prospect, it is difficult to see how it may be said to operate in reprospect.

While it is not essential to the result here reached, we feel that we may very well take judicial notice of the scientific fact that an electric light bulb may burn out in an instant of time. If we were to adopt the position contended for by the plaintiff we would be ignoring the possibility that the light might have burned out at any instant between the time of the occurrence of the accident and the subsequent time when the plaintiff offered to prove that it was in a burned out condition.

We are cited to the case of **Menz v. Nau, 9 Abs, 313,** in which a party was permitted to testify as to the existence of marks in a pavement the day following the accident. It was held that the length of time elapsing between the accident and the observation of the marks would have some bearing on the weight to be given the testimony, but would not make it inadmissible. However, in that case other witnesses had testified that they had seen the marks "immediately following the accident." Therefore the testimony at issue was merely corroborative or an elaboration of the previous testimony, and could not be the basis for admitting the proffered testimony in the present case.

The motion for a new trial will accordingly be overruled and an entry accomplishing that result may be presented.