[No. 19888.   Department Two.  July 17, 1926.]

MARTHA NADEAU, *Appellant,* v. VICTOR A. ROEDER *et al.,*
*Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (445)—SIDEWALKS—SNOW AND ICE—
LIABILITY OF ABUTTING OWNERS. The owners of abutting property are liable to a pedestrian injured by a fall upon an icy sidewalk, where they maintained the building with defective eaves and gutters which permitted a stream of water to fall from the roof upon the sidewalk in front of the entrance to the building, and allowed the water to freeze and the ice to accumulate until the same was dangerous to persons entering the building.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered September 4, 1925, dismissing an action for personal injuries sustained in a fall upon a sidewalk, upon sustaining a demurrer to the complaint. Reversed.

*John F. Dore* and *Francis C. Reagan,* for appellant.

*Sather & Livesey* and *Chas. B. Sampley,* for respondents.

MITCHELL, J.—The amended complaint alleges, in substance, that respondents Victor A. Roeder and wife own lots and a three story frame building known as

¹Reported in 247 Pac. 951.

the Victor House, abutting on one of the streets of Bellingham and that respondents Charles B. Sampley and wife, as tenants, operate and conduct the hotel. It is alleged that the building abuts on a wooden sidewalk of the street and that, on account of the negligence of the defendants, the house was so constructed, and has been permitted to remain, that snow and water falling on the roof would and did run down upon and freeze on the sidewalk. That the cornice or eaves of the building projected over the sidewalk and that the gutter under the eaves, especially immediately in front of the entrance to the building, had become worn, dilapidated and in a leaky condition, so that the water from the building came down upon and collected on the sidewalk, and for more than a week had frozen thereon, covering a space almost one-half the width of the sidewalk immediately in front of, and on each side of, the entrance; thereby making it rough, slippery and dangerous to pedestrians, especially those entering and leaving the hotel. It is further alleged that, while it was in that condition, the appellant, a patron of the hotel, on leaving it after dark on or about January 21, 1922, to go to the place at which she worked, in passing over such rough and slippery ice in front of the entrance to the building fell and was severely injured, for which she demanded judgment. An ordinance of the city was also pleaded requiring owners of property to keep sidewalks free from snow and ice in front of their buildings and providing for permits to be issued by the board of public works of the city to cover sleet or ice with sand or other material, which it was alleged had been violated or ignored by the respondents.

Mr. and Mrs. Roeder appeared by a general demurrer, so did Mr. and Mrs. Sampley. The demurrers

were sustained, whereupon the plaintiff declined to further plead, and has appealed from a judgment dismissing the action.

[1] We think the amended complaint states a cause of action, with or without the alleged failure to comply with the provisions of the ordinance. The water that collected and froze on the sidewalk in a rough and dangerous manner did not get there by natural means, under the allegations of the pleading.

"An abutting property owner who creates a condition which artificially turns water across a sidewalk in such a way as to freeze and render the walk unsafe is guilty of creating and maintaining a nuisance, and is liable for injury to pedestrians thereby caused." 13 R. C. L., Highways, § 342.

To the same effect see: *Tremblay v. Harmony Mills,* 171 N. Y. 598, 64 N. E. 501; *Drake v. Taylor,* 203 Mass. 528, 89 N. E. 1035.

In our own case of *Ainey v. Rialto Amusement Co.,* 135 Wash. 56, 236 Pac. 801, although the plaintiff was not permitted to recover, because in that case the snow and ice on the sidewalk complained of was deposited naturally, nevertheless, we said:

"If the slippery condition of the alley sidewalk had been caused by something the respondent did, such as permitting a stream of water to flow over it and freeze, or throwing water upon the snow, then it would probably be liable in damages. The distinction is that, when the dangerous condition is caused by the elements only, there is no liability on the part of the property owner, but where he has done something to create or increase the danger, then he may be liable."

Reversed, and remanded with instructions to overrule the demurrers.

TOLMAN, C. J., PARKER, MACKINTOSH, and ASKREN, JJ., concur.