[No. 28711. *En Banc.* October 14, 1942.]

MARIE S. JAMES, *Respondent,* v. GLENN A. BURCHETT et al., *Appellants.*[1]

[1]Reported in 129 P. (2d) 790.

120

*Edge, Keith & dePender, Leo N. Cashatt,* and *T. J. Fitzpatrick,* for appellants.

*Williams, Williams & Cooney,* for respondent.

SIMPSON, J.—Action in this case was instituted by plaintiff to recover damages from defendants for injuries caused, as was alleged, by reason of the negligence of defendants in causing stones to be deposited and remain upon a sidewalk, in front of their place of business, upon which plaintiff stepped, causing her to fall to the sidewalk. The case, tried to the court, resulted in a judgment favorable to plaintiff. Defendants have appealed.

The assignments of error are in holding that there was an actionable occurrence, in deciding that defendants had notice of the existence of pebbles on the sidewalk, in holding that defendants were responsible for their existence, in holding that plaintiff was not guilty of contributory negligence, and in holding that the

judgment was supported by a preponderance of the evidence.

The facts as disclosed by the record may be summarized as follows: Appellants operated a used-car business on a lot on the south side of First avenue in the city of Spokane. The lot is approximately forty feet wide and one hundred twenty feet long. At the time of the accident, between twenty and thirty feet of the south end of the lot were used by the Inland Truck & Diesel Company for storage of their trucks. The lot had been used by several automobile concerns as a used-car lot since 1928. The soil before being put in condition for use was "more or less gravelly." The surface of the lot before being used for a used-car lot was covered by what was described as "torpedo gravel," which measured from one-quarter to one-half inch in size. Near the entrance of the driveway the gravel was hard packed. At times larger native rocks worked their way to the surface. Four rocks, the largest of which was about the size of a large walnut, were gathered from the lot during the course of the trial and introduced in evidence. Three of the rocks were lying loose on top and the other was found partially imbedded in the surface of the lot. On account of travel in and out of the lot small gravel worked out onto the sidewalk. Men employed on the lot swept the driveway when needed and washed it once or twice a week to keep it clean. On the day of the accident it had not been cleaned in either way.

In about the center of the end of the lot, the sidewalk had been beveled so as to admit the passage of cars. The beveling was about six feet long and extended back to about the middle of the sidewalk. The balance of the walk was of normal structure.

About twenty-five used cars were kept on the lot by appellants, and these together with the trucks

owned by the Inland Truck & Diesel Company were driven in and out of the lot daily.

One August afternoon, respondent, who lived two blocks east, passed over the sidewalk entrance on her way to the city library. She testified that as she walked along the sidewalk and turned to avoid the slope in the middle of the walk and had taken about two steps, that "when I stepped I happened to put my right heel right on the rock and my ankle turned and I was thrown forward toward my left side."

She further testified that she did not see the rock until after she had fallen, when she noticed that it was about "as large as a walnut"; that it was irregular in contour and that she noticed but two other rocks upon the sidewalk.

The only eyewitness to respondent's accident testified that she saw some crushed pebbles on the sidewalk varying in size "from about as big as my thumb nail down to small pebbles."

It is the theory of respondent that the circumstantial evidence present in this case proved that the gravel was brought from appellants' lot onto the sidewalk by the action of the car wheels when the cars were driven over the sidewalk from the car lot.

Circumstantial evidence may be used to prove any fact, including negligence. *Sandanger v. Carlisle Packing Co.,* 112 Wash. 480, 192 Pac. 1005; *Collais v. Buck & Bowers Oil Co.,* 175 Wash. 263, 27 P. (2d) 118; *McFarland v. Commercial Boiler Works,* 10 Wn. (2d) 81, 116 P. (2d) 288.

It is insisted that respondent failed to establish any actionable negligence on the part of appellant.

Preliminary to a discussion of the merits, we deem it proper to advert to some general rules relative to the rights of pedestrians and the duties of abutting

property owners who use sidewalks for their particular purposes.

Sidewalks are constructed for the primary use of pedestrians, though they may be used by abutting property owners for special purposes. The rule laid down in *Tolman & Co. v. Chicago,* 240 Ill. 268, 88 N. E. 488, 24 L. R. A. (N. S.) 97, is as follows:

"The public has a paramount right to the use of the street in all its parts. That right is the right of all persons to pass over it freely and without impediment whenever they have occasion to do so. The right is not, however, an absolute right in every person at all times. It is subject to such incidental and temporary or partial obstruction as manifest necessity may require. The use of the street by one person or company of persons passing along it interposes an obstruction to any other person or persons occupying the same part of the street at the same time for the same purpose.

" 'The owners of lots bordering upon streets or ways have the right to make all proper and reasonable use of such part of the street for the convenience of their lots, not inconsistent with the paramount right of the public to the use of the street in all its parts.' (*McCormick v. South Park Comrs.,* 150 Ill. 516.)

"The extent of the right thus to interfere with the public's free and uninterrupted enjoyment of the use of the sidewalk depends upon the necessity of the case so far as the individual is concerned and the reasonableness of the use against the public. It is said in *Flynn v. Taylor,* 127 N. Y. 596: ' . . . The foundation upon which the exception seems to rest is, that it is better for the public to suffer a slight inconvenience than for the adjacent owner to sustain a serious loss. . . .' "

The Maryland court of appeals in *State v. Emerson & Morgan Coal Co., Inc.,* 150 Md. 429, 133 Atl. 601, states the rule:

"Under the general rule, the right of the public to free and unobstructed passageway over every part of it was paramount to all other rights except such as are

reasonably necessary to effect the purposes for which the street exists. Those purposes were twofold; first, to afford a safe and convenient way for the passage of the general public, and, second, to afford to persons abutting thereon ingress and egress to and from their properties. The right of ingress and egress includes necessarily the privilege of receiving such supplies and materials, including fuel, as are necessary or convenient for the comfortable enjoyment of the abutting properties, and, as incident thereto, the privilege of temporarily obstructing the street and sidewalk for that purpose. But the right to obstruct the highway, even for such purpose, is limited and subordinate to the paramount right of the public to free and safe passage thereover. And if the obstruction is unnecessary, or if it subjects persons in the lawful use of the street to unnecessary dangers, or if it is maintained for an unreasonable length of time, it cannot be justified under the exception to which we have referred."

See, also, *Granucci v. Claasen,* 204 Cal. 509, 269 Pac. 437, 59 A. L. R. 435.

The decisions of this court in *Lund v. St. Paul, M. & M. R. Co.,* 31 Wash. 286, 71 Pac. 1032, 96 Am. St. 906, 61 L. R. A. 506, and *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200, lend support to the views expressed in the foregoing cases.

Where a sidewalk is used by one, in control of abutting property, as a driveway for vehicles, the special use, though lawful, carries with it the duty to use reasonable care that the use does not create conditions rendering it unsafe for the passing thereon of pedestrians, 25 Am. Jur. 657, Highways, §§ 364, 365; *Mitchell v. Thomas,* 91 Mont. 370, 8 P. (2d) 639; *Cobb v. Salt River Valley Water Users' Ass'n,* 114 P. (2d) (Ariz.) 904. In this connection, see *Lewis v. Spokane,* 124 Wash. 684, 215 Pac. 36, and cases cited therein.

The problem presented in *Collais v. Buck & Bowers Oil Co., supra,* is similar to the one which we have before us. In that case, it appeared that property abutting

upon a sidewalk was operated by an automobile service station. Upon the lot a pit was used into which oil from automobile crank cases was drained. The evidence showed that oil from the pit was conveyed through a pipe into a barrel situated near the sidewalk. The circumstantial evidence showed that as the oil was taken from the barrel it was spilled upon the sidewalk. This court held that the evidence was sufficient to establish *prima facie* that the oil came from the premises of the operators of the filling station. In passing upon the facts presented in that case, this court stated:

"True, the proof that the particular patch of oil upon which respondent slipped came from appellant's premises is not positive, but certainly the circumstantial evidence, coupled with the positive facts, convinces us that the court was justified in holding that at least a *prima facie* showing had been made that the oil upon the sidewalk did come from appellant's premises."

In that case, as in this, it was contended that the substance might have been deposited upon the sidewalk from other sources than appellant's premises. Concerning that contention, we said:

"Appellant also showed that the oil might have come from sources other than its own property, but here again the facts and circumstantial evidence are sufficient to support the lower court's finding that it did not."

In the same case, we laid down the rule relative to the duty of an abutting landowner as follows:

"While it is the law that one whose property abuts a street is not a guarantor or an insurer of the absolute safety of the sidewalk, it is nevertheless his duty, as between himself and the public using that street, to exercise at least reasonable care in keeping his property and in conducting his business thereon in a safe and prudent manner. 2 Shearman & Redfield on Negligence (6th ed.) 878, states the rule as follows:

" 'The extent of his [abuttor's] obligation, with reference to adjacent highways, is to use and keep his own premises so as not to render such highways unsafe for ordinary travel, culpably failing in which he is liable to travelers thereon.'

"To the same effect is the case of *Poth v. Dexter Horton Estate*, 140 Wash. 272, 248 Pac. 374, wherein we said:

" 'The appellant owned and controlled the building from which the object which injured her [respondent] came. It was the appellant's duty to see that the building was so constructed and maintained as not to be a source of danger to the users of the street in its front. Its neglect of this duty is negligence.'

"If one fails to perform that duty and that failure is the effectual factor in doing injury to one using the street, even though the act of a third party may be the immediate cause of the injury, still that failure to fulfill the duty mentioned may constitute actionable negligence. 1 Sutherland on Damages (4th ed.), 152."

Accord: *Nadeau v. Roeder*, 139 Wash. 648, 247 Pac. 951; *Cobb v. Salt River Valley Water Users' Ass'n*, *supra*.

Among the decisions of other courts lending support to the conclusion arrived at in the case from which we have just quoted, we note the following: *Fadem v. St. Louis*, 99 S. W. (2d) (Mo. App.) 511; *Hanlon v. Waterbury*, 108 Conn. 197, 142 Atl. 681; *Mullins v. Siegel-Cooper Co.*, 88 N. Y. Supp. 737, affirmed, 183 N. Y. 129, 75 N. E. 1112; *Garibaldi & Cuneo v. O'Connor*, 210 Ill. 284, 71 N. E. 379; *Markman v. Fred P. Bell Stores Co.*, 285 Pa. 378, 132 Atl. 178, 43 A. L. R. 862; *Trustees of Village of Canandaigua v. Foster*, 156 N. Y. 354, 50 N. E. 971, 66 Am. St. 575.

In this case, appellants had exclusive control of the premises abutting upon the sidewalk upon which respondent was injured. It used the sidewalk for its private convenience and, in so doing, allowed gravel from its lot to be carried upon the walk where pedes-

trians were compelled to travel. The gravel was not deposited from natural causes, but as the result of the business carried on by appellants. Appellants knew of this fact because their evidence showed that the duty of one of its employees was to sweep the sidewalk each morning.

Under such circumstances, the law imposed on appellants the exercise of reasonable care to guard the public from injury. In our opinion, appellants did not exercise that reasonable care and must be held liable.

Finally, appellants contend that respondent was guilty of contributory negligence in that she was accustomed to city life, had passed along the street for more than five months, and as a matter of common knowledge must have known about used-car lots and that they had gravel upon them. As authority they cite 25 Am. Jur. 758, Highways, § 466, which, in considering the failure to observe or avoid patent defects, states:

"They must use their senses, and cannot close their eyes to patent defects and dangers and proceed blindly and heedlessly into them, or recover for injuries due to open and apparent defects or obstructions which their observation, prudently exercised, ought to have detected and avoided. While a traveler is not necessarily, under all circumstances, guilty of negligence in failing to observe or avoid a patent defect or obstruction in the way, in numerous instances it has been held that in the absence of exculpatory circumstances, one injured by coming in contact with an open and obvious defect or danger is chargeable with contributory negligence as a matter of law."

The rule is properly stated, but cannot govern every case in which a pedestrian is injured while walking upon defective or obstructed sidewalks.

In *Kelly v. Spokane*, 83 Wash. 55, 145 Pac. 57, this court stated:

"The second point urged is that the respondent was guilty of contributory negligence, which was the proximate cause of the injury. It is the duty of a city to use reasonable care to maintain its streets and sidewalks in reasonably safe condition for travel. The traveler who has no knowledge to the contrary may proceed upon the assumption that the city has fulfilled its duty. Momentary distraction of the attention of the pedestrian does not as a matter of law constitute contributory negligence. *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357."

In *Smith v. Tacoma,* 163 Wash. 626, 1 P. (2d) 870, 75 A. L. R. 1508, we called attention to the rule in this state as follows:

"Contention is further made under the assignments that appellant's motion for a nonsuit, as well as its motion for judgment notwithstanding the verdict, should have been granted because of contributory negligence on the part of Mrs. Smith, which, it is claimed, barred any right of recovery, and that it should have been so declared as a matter of law. This argument rests upon the proof that Mrs. Smith was familiar with the sidewalk, had just used it going to the store from which she was returning when she fell upon the sidewalk, and that the accident occurred in daylight. Counsel for the city cite some cases from other states that appear to support its contention, but, if so, they are at variance with our cases and what we think to be the better rule; and, hence, we decline to follow those cases. In *Stock v. Tacoma,* 53 Wash. 226, 101 Pac. 830, this court said:

" 'In the early case of *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799, a case in its facts most like this one, this court said:

" ' "The mere fact that the appellant was aware of the defective condition of the sidewalk when the accident occurred is not *per se* conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence. . . . All that the law required was the exercise of such care and caution as a person of ordinary prudence would use under similar circumstances." ' "

In *Kennedy v. Everett*, 2 Wn. (2d) 650, 99 P. (2d) 614, the facts disclosed that plaintiff was injured by stepping into a hole in the sidewalk which was eight inches wide and twenty inches long, one end of which was about two inches deep. In that case, we held that plaintiff was not guilty of contributory negligence as a matter of law, but that the question was one for the jury to consider. In deciding the case, we said:

"A pedestrian on the sidewalk, who has no knowledge to the contrary, may proceed on the assumption that the city has performed its full duty. Momentary distraction of the attention of the pedestrian does not, as a matter of law, constitute contributory negligence."

Respondent was not required to keep her eyes on the walk immediately in front of her at all times. She had the right to assume that whoever used the sidewalk kept it in a safe condition for travel. She testified that, as she approached the entrance to appellants' lot, her attention was directed to the sloping portion of the sidewalk, and that she stepped upon the level part to avoid the slope. Respondent was walking in her usual and ordinary manner and took ordinary precaution to avoid injury.

Under the facts presented in this case, we cannot say that appellants sustained that burden of proof necessary to show that respondent was guilty of contributory negligence.

Finding no error, we affirm the judgment.

MILLARD, BLAKE, and DRIVER, JJ., concur.

JEFFERS, J., concurs in the result.

STEINERT, J. (dissenting)—In my opinion, the evidence was not sufficient to warrant a finding that the rock upon which respondent stepped and fell came

from appellants' premises; nor do I believe that the evidence was sufficient to establish negligence on the part of appellants in failing to exercise reasonable care in the maintenance of their property or in keeping the sidewalk reasonably safe for ordinary travel by pedestrians. I think that the judgment should be reversed.

ROBINSON, C. J., and BEALS, J., concur with STEINERT, J.

[1]Reported in 129 P. (2d) 795.