SAFEWAY STORES, Inc., v. DUVALL.

No. 34391.   Jan. 27, 1953.

*252 P. 2d 1022.*

A. M. Covington, Tulsa, for plaintiff in error.

Paul Edwards, Tulsa, for defendant in error.

PER CURIAM.   This is an action brought by Bessie Duvall, as plaintiff, to recover from Safeway Stores, Inc., as defendant, damages for personal injury received when plaintiff became entangled or hobbled in a metal hoop causing her to fall while walking along the sidewalk adjacent to defendant's store on West Second street in the city of Sand Springs, Oklahoma, on or about the 15th day of February, 1946.   The parties will be referred to as they appeared in the trial court.

Plaintiff, a woman 41 years of age, resided with her family in Sand Springs, Oklahoma.   The defendant owned and operated a retail grocery store on the corner of Main and Second in Sand Springs.   The store of the defendant fronted both Second street and Main. There was a front corner entrance to the store and other openings along Second street.   The east five windows and door of defendant's store on Second street opened into the sales room and the sixth opening, a door, at or near the west end of the store on Second Street, opened into the stock room of defendant's store.   This door ordinarily was kept locked during the hours that the store was open for business.   The store had no alley or back entrance. The north and west-most door opening on Second street was used by defendant for receiving deliveries of merchandise and removing waste from the store. The defendant thus made a special use of the sidewalk on Second street in front of and adjacent to the side door to the storage room for the purposes stated.

The sidewalk at the point in question was a normal public sidewalk without any defects and without any labeling

thereof as a loading zone. On the date of the plaintiff's accident there was some ice and snow on the sidewalk.

On the morning of February 15, 1946, plaintiff, with her two sons, went into a grocery store about one-half block west of defendant's store in Sand Springs. After some period of time plaintiff, accompanied by her two sons, left the grocery store where they had been shopping and walked up Second street along the north side of defendant's store, but when she reached a point in front of the north side of defendant's store that was used for loading and unloading purposes she became hobbled in a metal hoop causing her to fall on her knees, resulting in the injury which is the basis of her complaint. The metal hoop which caused plaintiff to fall was the type of hoop commonly used to bind boxes containing groceries and meat. There is no direct evidence of contributory negligence on the part of the plaintiff.

The evidence as to who placed the offending metal hoop at the location of the accident is in conflict. No direct proof was introduced as to who placed it there or how it came to be there. The plaintiff's evidence and the circumstances proven by the plaintiff together with the reasonable deductions or permissive inferences to be drawn therefrom tend to prove that the hoop was left there by the defendant or was there as an incident to defendant's use of the sidewalk for its business purposes. The evidence of the defendant tended to prove that defendant did not place it or cause it to be there, nor that it was at said place by reason of the defendant's use of the sidewalk or the abutting premises. Otherwise, there is very little dispute as to the facts in the case. In view of the decision of this case on other grounds, we deem it not necessary to pass on this disputed issue of fact.

The questions to be decided that are decisive are questions of law. The most serious grounds urged by defendant on appeal for reversal relate to the instructions given by the trial court. These instructions define the duty owed by an occupant or owner of property abutting on a public sidewalk to maintain the sidewalk in a condition safe for pedestrians, when the sidewalk is used extensively by the abutting user. In instruction No. 10 the court instructed the jury that the defendant was negligent if it:

" * * * or its employees placed the metal hoop on the sidewalk or had actual knowledge of its being there or that it had been there for such a length of time that the defendant should have knowledge of its presence and the length of time required for it to have remained there in order to find that the defendant should have known of its presence is a question of fact for you jurors to find, bearing in mind that defendants are only required under the law to use reasonable care in keeping the sidewalk immediately adjacent to their loading door or other premises clean."

Instruction No. 13 embodied a part of the matters contained in instruction No. 10 stating that it was the duty of the city to keep the sidewalk in a reasonably safe condition for the public's use, but that this does not relieve the abutting property owner from the duty of using ordinary care to keep it clean of objects dangerous to pedestrians, which may come to be there as a natural result of the operation of the business:

" * * * providing you also find that the abutting property owner either put such things or debris on the sidewalk or some of his employees did so, or that it was there such a length of time that the abutting property owner or store operator should have known its presence."

Instruction No. 15 embodies most of the matters included in instructions No. 10 and No. 13, including the following:

" * * * or if the hoop introduced as evidence in this case was left there by someone other than the defendant, or its agents and servants, and had been there for such a length of time that the

defendant knew or should have known of its presence by using ordinary care. * * *"

And continuing with other matters not germane to the controverted questions of law. Defendant properly reserved objections to these instructions.

By these instructions we see that the jury was instructed that the defendant was not only negligent and liable to the plaintiff in damages if it or its agents had placed the hoop on the sidewalk, or if it was there by reason of defendant's use of the sidewalk, but that if someone else caused it to be there, then defendant was liable if the object had been there for such a length of time that defendant should have known of its presence. The latter part of instruction No. 10 tells the jury that defendant is required to use reasonable care in keeping the sidewalk immediately adjacent to their loading door or other premises clean. The principle of law announced in the quoted portions of these three instructions was erroneous. We are unable to agree with plaintiff that it was harmless error. To so hold would be to say that the jury was not influenced or misled thereby.

The sidewalks of a municipality are maintained for the use of the general public. It is the general rule in this state that it is the duty of the municipality to keep them in a safe condition. City of Hugo v. Nance, 39 Okla. 640, 135 P. 346. The exception to this general rule is that the occupant of the premises abutting on the sidewalk owes the duty to the public to keep the sidewalk clear of injurious objects or debris which might be placed there by its agents, or be there as a result of the use of the walk or the premises by the abutting occupant, or which might be upon the walk by reason of customers coming upon the premises or use of the sidewalk by reason of the business done by the occupant. Cities Service Oil Co. v. Kindt, 200 Okla. 64, 190 P. 2d 1007.

The Cities Service case just cited is discussed by both parties to this appeal, with differing construction and application. As we understand this decision, the object causing plaintiff's injury was a small spot of oil left on the sidewalk in front of the defendant's service station as an incident to defendant's use of the premises and the business conducted by him, probably by some automobile driven into the service station or deposited there in connection with the service of an automobile. It is significant that the parties in the reported case made no distinction as to whether the oil was on the sidewalk or on the property of the abutting user. In the opinion the court said:

"The nature of defendant's business was such that he should expect motor oil to accumulate on the station premises proper as well as on the sidewalk in front of the station."

There appeared to be little dispute between the parties in that case as to the fact that the oil was left on the walk as an incident to defendant's use of the walk and abutting property. Such is not the facts in the case at bar.

Defendant in error cites Corpus Juris Secundum, vol. 63, pp. 225-226, under the topical head, "Special Use for Private Benefit." The broad, general language used in this text would seem to support plaintiff's position here, but a careful analysis of the facts in the cases cited in support of this proposition reveals that the statement of law is based upon and refers to factual situations in which the user places the objects on the sidewalk, or where the objects came to be there as a reasonable consequence of the use to which the walk or premises were put by such users. From the same volume 63 of Corpus Juris Secundum, p. 223, we find the announcement that:

"An abutting owner or occupant has no right to do any affirmative act impairing the safety of the sidewalk in front of his premises, and he owes pedestrians the negative duty not to use the sidewalk negligently in such a manner as to cause injuries to which the pedestrian did not materially con-

tribute. He will be liable for injuries where, by his affirmative act, he creates a dangerous condition, as where he wrongfully or negligently obstructs the sidewalk or, according to the decisions on the question, a person employed by him does so, or where he creates or maintains a nuisance. However, an abutting owner not responsible for the creation, and having no actual knowledge, of a nuisance is not liable therefor merely because he could have abated the nuisance."

Also, at page 219 of the same text, we find further authority as follows:

"The owner or occupant of property abutting a sidewalk is not an insurer of the safety of pedestrians using the sidewalk, and, as a general rule, in the absence of statute, he owes no duty to the public to keep the sidewalk in repair or in a safe condition for travel, and is not liable for injuries to a traveler from defects or obstructions which he did not create."

The case of Daly v. Mathews, 49 Cal. App. 2d 545, 122 P. 2d 81, a California case, deals in some degree with our problem at hand. In the reported case a driveway had been constructed across a sidewalk at a lower level than the sidewalk proper. The plaintiff in using the sidewalk and not observing the depression in the walk caused by the driveway stumbled and fell, causing her injuries. The court held there was no liability on the abutting owner for constructing the driveway in the manner that he did, holding, as stated in the head-note, that:

"The abutting landowner is not bound to keep the sidewalk in front of his premises in repair or in a safe condition for public travel, in the absence of statute or ordinance imposing such a duty on him."

Unquestionably, in this case the driveway was for the special use and benefit of the abutting owner or occupant.

For further discussion of the general rules involved in such cases, see Amer. Juris. vol. 25, §§364 and 365, under the subject of "Highways."

The case of James v. Burchett, 15 Wash. 2d 119, 129 P. 2d 790, by the Supreme Court of Washington, quoted by the defendant in her brief, does not support the rule contended for by her by reason of the different factual situation. The facts in the Washington case were that the abutting owner operated a used car lot on which lot gravel or stones were deposited, and in the course of the use of the used car lot stones were frequently worked out on to the sidewalk. The plaintiff, a pedestrian, stepped on one of the stones on the walk causing her to fall, resulting in the injuries sued upon. In its opinion the court said:

"Where a sidewalk is used by one in control of abutting property, as a driveway for vehicles, the special use, though lawful, carries with it the duty to use reasonable care that the use does not create conditions rendering it unsafe for the passing thereon of pedestrians."

The court affirmed a judgment in favor of plaintiff in this reported case, but for the apparent reason that the offending object was on the sidewalk by reason of defendant's use of the premises abutting thereon. The distinction between the principle of law in this case by the Supreme Court of Washington and the rule announced by the trial court in the case at bar in its instructions Nos. 10, 13 and 15 is readily apparent. The lower court did not stop when it instructed the jury that it was the defendant's duty to keep the sidewalk clear of objects of its own or placed there by its agents or as an incident to its use, but instructed the jury that defendant must keep the area in question clean of objects that had been there for such a length of time that defendant knew or should have known of their presence, leaving it to the jury to determine what length of time would impose liability on the abutting user.

In the light of the authorities herein cited, we find and hold that it was error for the court to give instruction No. 10, particularly that portion beginning with

the wording, "* * * or had actual knowledge of its being there * * *" and concluding with, "* * * the defendants are only required under the law to use reasonable care in keeping the sidewalk immediately adjacent to their loading door or other premises clean." Also, it was error to give the last two lines of instruction No. 13, and that part of instruction No. 15 that announced the same principle of law with reference to liability of defendant if some one other than defendant or its agents left the hoop on the sidewalk.

The judgment is therefore reversed, and the cause remanded to the trial court, with instructions to take such further proceedings as are not inconsistent with the views herein expressed.

This court acknowledges the services of Attorneys A. C. Kidd, Dudley H. Culp, and A. S. Wells, who as. Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

JOHNSON, V.C.J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. HALLEY, C.J., concurs in conclusion.