**Olin S. SHORT, Appellee,**

v.

**Anna B. UNSELL, Appellant.**

**No. 44120.**

Supreme Court of Oklahoma.

May 30, 1972.

Kent F. Frates, Oklahoma City, for appellee.

Watts, Looney, Nichols & Johnson, Kent Fleming, Oklahoma City, for appellant.

JACKSON, Justice.

The accident involved in this case occurred during a heavy rain storm in the intersection of Reno and Agnew streets in Oklahoma City. The plaintiff, Olin S. Short, was traveling east on Reno and the defendant, Anna B. Unsell, was traveling south on Agnew. Plaintiff Short and a friend who was traveling in another vehicle immediately behind plaintiff's vehicle testified positively that the green traffic light was in plaintiff's favor for traffic on Reno through the intersection. The defendant, Mrs. Unsell, testified just as positively that the green traffic light was in her favor for traffic on Agnew through the intersection. Thus, there is evidence that both drivers had a green traffic light

through the intersection at the time of the accident and prior to their entries into the intersection. These three witnesses testified that by reason of the manner in which the signal light was constructed it would have been impossible for either driver in approaching the intersection to determine whether the other driver was facing a red light.

During the trial the defendant sought to show by inference or circumstance that the traffic signal light was malfunctioning at the time of the accident. For this purpose the defendant called the investigating officer as a witness. He testified out of the hearing of the jury as follows: He arrived at the scene of the accident six minutes after he had been alerted by the police dispatcher. A Scoutcar Officer had arrived ahead of him and talked to him (the investigating officer) about the traffic light before the Scoutcar Officer left the scene. As soon as the injured party was loaded into an ambulance (about five minutes after his arrival) he walked into the intersection and saw that the traffic light was showing green for east bound traffic on Reno as well as for south bound traffic on Agnew. He radioed the dispatcher to have "traffic control check the light."

In answer to questions by the court this officer testified that the signal lights appeared to be stuck and not changing; and that after his radio message regarding the light, the light started functioning properly.

The trial court sustained an objection to the foregoing offer of proof on the ground that evidence of a condition existing after an injury is inadmissible to establish the existence of that condition at the time of the injury, citing Oklahoma Natural Gas Co. v. Ross, 10 Cir., 131 F.2d 238; Thompson v. Cooper, Ohio Com.Pl., 95 N.E.2d 796, and Midco Oil Corp. v. Hull, 182 Okl. 21, 75 P.2d 1126.

After verdict for plaintiff, the defendant appealed and presented the sole proposition that the trial court erred in refusing to admit the testimony of the investigating offi-

cer. The Appellate Court concluded that the trial court erred in excluding this testimony for the reason that evidence of malfunctioning fifteen or twenty minutes after the accident would be a relevant circumstance for the jury in considering whether both parties were favored with green signal lights, and corroborative of prior testimony that both parties were favored with green lights. However, the Appellate Court decided it was harmless error to exclude it.

We agree it was error to exclude the proffered testimony. It is the common experience of motorists that traffic lights do not show a green light at the same time to both drivers approaching an intersection from cross streets, and that when one driver has a green light he may safely assume the driver on a cross street has a red light. The Supreme Court of Louisiana in a case involving a defective traffic light, Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 295, concluded:

" * * * [H]e was justified in assuming that any motorist approaching on either side of the intersection roadways would bring his vehicle to a stop because he knew that the green light facing him meant, or should have meant, that the red light faced the other motorist who should approach it at a moderate [rate of] speed and with his vehicle under control."

And see 8 Am.Jur.2d Automobiles and Highway Traffic § 744 to the effect that motorists may assume that traffic signals are in proper working order. Without the testimony of the investigating officer, therefore, the jury did not know this traffic light could operate improperly. They were left to decide the usual question in intersection accidents: "Which driver had the green light and which one had the red?"

The investigating officer's testimony would tend to make more probable the testimony of all the witnesses that at the time of the collision in the instant case both drivers had a green light, because the traf-

fic signal was malfunctioning. The main fact question in the case was the color of the light facing each driver. Based on the finding on that question, the jury would determine whether one driver or the other was negligent. When there is evidence that both drivers had a green light it goes to the heart of the case. 3 Blashfield Automobile Law and Practice § 114.73, p. 150 states:

"Where the lights showed green to both drivers approaching the intersection from cross streets, neither can be deemed to be negligent in having proceeded onto such intersection, but they are obliged to govern themselves, as far as they are able, so as to avoid injury to one another."

■ The testimony by the investigating officer that he observed both lights showing green at the same time about 15 or 20 minutes after the collision was relevant. A fact is relevant if it legally tends to prove some matter in issue made by the pleadings, or to make a proposition in issue more or less probable. The proffered testimony showed that the traffic lights were capable of showing a simultaneous green light to both parties at the intersection.

■■ It was reversible error to exclude relevant testimony herein, when it was offered. Republic National Life Insurance Co. v. Johnson, Okl., 317 P.2d 258. The objection that evidence is too remote goes to the credibility of the evidence rather than to its admissibility. When the remoteness is so great that the proffered evidence has no probative value at all, it should be excluded. 29 Am.Jur.2d Evidence § 254. Because of the nature and circumstances of this case, the proffered testimony of the officer's observations had probative value and should have been admitted.

■ It does not appear that the trial judge was made aware of an allegedly malfunctioning traffic light until the defendant made her opening statement to the jury as to what her proof would show. Where

there is a novel question of law to be considered at the trial it is important that it be brought to the attention of the trial court before the jury has assembled and at a time when the trial judge may give it careful and studious consideration. Failure to do so invites error.

The cause is reversed with instructions to the trial court to grant a new trial.

All the Justices concur.