Margaret Louise HAAS, Appellant,

v.

The FIRESTONE TIRE & RUBBER COMPANY et al., Appellees.

No. 47455.

Supreme Court of Oklahoma.

Nov. 23, 1976.

Rehearing Denied May 16, 1977.

Berry, Nesbitt & Berry, Oklahoma City, for appellant.

Foliart, Mills & Niemeyer by James D. Foliart and George W. Dahnke, Oklahoma City, for appellee, Firestone Tire & Rubber Co.

Pierce, Couch, Hendrickson & Short, John R. Couch, John E. Wiggins, Oklahoma City, for appellee, H. K. Ferguson Co.

Walter M. Powell, Municipal Counselor, Ronald V. Collier, Asst. Municipal Counselor, Oklahoma City, for appellee, The City of Oklahoma City.

DOOLIN, Judge.

This is an appeal from a jury verdict in favor of all defendants in a suit for damages for personal injuries received by plaintiff in an automobile accident alleged to have resulted from an accumulation of dirt and water on the roadway left there by vehicles emerging from a construction site. The primary issue involved is the correctness of trial court's instructions to jury regarding the duty owed to plaintiff by defendants.

Plaintiff Mrs. Haas, returning home from work on Saturday, December 6, 1967, turned south onto Council Road from Southwest 15th Street. The weather was overcast and damp but apparently it was not actually raining, although there had been intermittent rain the night before extending into Saturday.

Dayton Tire Company, a subsidiary of Firestone Tire and Rubber Company (Firestone) was in the process of constructing a tire manufacturing plant on the east side of Council Road, bounded on the south by Southwest 29th. The plant was designed, and construction was supervised, by defendant H. K. Ferguson Company (Ferguson) pursuant to a contract between Ferguson and Firestone.[1] A temporary gravel, or dirt and gravel, access road provided an entrance to the construction area from Council Road. Plaintiff testified that as she approached the access road she was behind a dump truck which signaled a left turn into the access road. Mud and water splashed on her windshield causing her to lose vision. She applied her brakes but evidently lost control. She remembers nothing further until she regained consciousness in the hospital.

Testimony indicates she veered into the opposite lane of traffic and collided with another car traveling northbound. Although plaintiff testified she was traveling within the posted 45 miles per hour speed limit, eyewitnesses estimated her speed at 60 or 65 miles per hour. No other witness saw the dump truck she had described.

Council Road at this point is a two-lane asphalt roadway about twenty-four feet wide within the Oklahoma City limits. In her petition, Plaintiff alleged trucks belonging to Ferguson and Firestone had continually tracked mud and dirt onto the roadway. She also claimed that in constructing the plant, Firestone and Ferguson had altered the contour of the ground causing water to be diverted and to accumulate on the roadway, which mixed with the tracked dirt created a very slick and hazardous driving surface. There was an excessive amount of water present that day due to a rupture in a city water main on the west side of Council Road. Plaintiff asserts the change in the natural drainage caused by the construction of the tire plant caused the water from the rupture to run onto the road and accumulate at the point of her accident. Plaintiff charged the City of Oklahoma City (City) with knowledge of the excessive and abnormal accumulation of mud, claiming it should have either removed the mud or warned the traveling public in some manner. Originally Plaintiff joined others as

---

1. The trial court ruled Ferguson and Firestone were in the same legal position in the action, thus we consider all arguments and rulings to apply to both of these defendants.

defendants, but the trial court sustained summary judgment in favor of all defendants except Firestone, Ferguson and City and only these three remain as defendants.

Trial was held to a jury, which returned a verdict in favor of all three defendants. Plaintiff appeals, primarily based on improper instructions, in that the only duty imposed on the defendants by the instructions was a duty to *warn* the motorist of a dangerous condition if it existed, when with the exercise of ordinary care it could be anticipated a motorist would not appreciate the danger.[2]

Plaintiff's fundamental argument on appeal is that trial court erred in failing to

2. The pertinent parts of the contested instructions are as follows:

No. 2 * * * She charges that the said defendants were negligent in failing to exercise ordinary care for the safety of motorists upon said road, by failing to warn them of the danger incident to traveling on said road when it was wet.

The plaintiff alleges that at the time of the accident she drove her vehicle upon a dangerous portion of the road, that as a result of such dangerous condition she was unable to control her vehicle, and that it crossed onto the opposite side of the road, striking an oncoming vehicle head on. Plaintiff charges the defendant City of Oklahoma City with negligence in failing to exercise ordinary care in warning motorists of the dangerous condition of Council Road, or to protect said roadway so that motorist would not drive thereon. * * *

No. 7—The builder of an industrial plant adjoining a public street, where trucks and commercial vehicles enter upon and exit from the street, depositing dirt and trackage thereon, thus creating a condition dangerous to the motoring public when the dirt and trackage becomes wet, has the duty to exercise ordinary care to warn motorists of the danger, whenever, with the exercise of ordinary care, it should be anticipated that a motorist would not appreciate the danger.

* * * A city, in which the street is located, has the duty, whenever it has notice that dirt and trackage has been deposited upon the street and it is probable that the street will become dangerous when wet, to exercise ordinary care in warning the motoring public of the dangerous condition, when by the exercise of ordinary care it should be anticipated that a motorist may not appreciate the danger; or in such case to barricade the street so that the motorist will not be exposed to the danger.

* * * * * *

The foregoing contains all of the duties imposed upon the defendants, the violation of which may render them liable to the plaintiff, and you will not consider any duty, or the violation of any duty, not contained in this instruction.

No. 9—The first issue for you to consider is whether dirt and trackage existed on Council Road at the place where the accident occurred, which when wet created a danger to the safety of motorists using the road; and whether the dirt and trackage was deposited by reason of vehicles emerging from the tire plant adjoining Council Road.

You will next consider whether the defendants Firestone and Ferguson failed to exercise ordinary care in anticipating that motorists might not appreciate the danger created by the dirt and trackage becoming wet, and whether they failed to exercise ordinary care in warning motorists of the danger.

If your findings in all these issues are in the affirmative, then your decision will be for the plaintiff and against these two defendants on the issue of their negligence.

If you find either of these issues in the negative then your decision will be in favor of Firestone and Ferguson on the issue of their negligence.

You will then consider the issue of negligence between the plaintiff and the City of Oklahoma City, with respect to whether dirt and trackage had been deposited on Council Road, at the place where the accident occurred, which would be dangerous to motorists using the street when the dirt and trackage was wet, whether the City had notice of such conditions, whether the City by the exercise of ordinary care, should have anticipated that motorists might not appreciate the danger when the dirt and trackage was wet, and whether the City failed to exercise ordinary care in warning motorists of such danger, or in such case to barricade the street so that motorists would not be exposed to the danger.

If you find all of these issues in the affirmative, then your decision will be in favor of the plaintiff, and against the City, on the issue of the negligence of the City.

If you find any of these issues in the negative then your decision will be in favor of the City on the issue of negligence.

If you find the issues of negligence as set forth above, in favor of the plaintiff and against any defendant you shall then consider the issue of plaintiff's contributory negligence.

If you find that the plaintiff was not negligent, in the happening of the accident, then you will return your verdict for the plaintiff and against the defendant, or defendants, whom you have found negligent in the happening of the accident.

If you find that the plaintiff was negligent, as defined in these instructions, which caused or contributed to the accident, then your verdict

instruct the jury in the following particulars:

(1) Firestone and Ferguson had legal duties to prevent creation of a dangerous condition on a public highway and to remove it once it was created; and

(2) Violation by Ferguson and Firestone of a City ordinance or a state statute [3] is prima facie evidence of negligence.

(3) Willful or gross negligence on part of Ferguson and Firestone would negate their defense of contributory negligence.

(4) City had a legal duty to correct the dangerous condition.

Plaintiff also claims trial court erred in excluding evidence of other accidents at that spot and of subsequent repairs by the City. Additionally Plaintiff offered certain city ordinances into evidence which she claims were improperly excluded by the trial court.[4]

■ Plaintiff does not suggest error in court's instructions to the jury as to causation. There is evidence of water standing in the highway in close proximity to the place of accident and evidence to indicate Plaintiff's loss of control of her car was due at least in part to the slippery condition of the roadway. There was evidence of dirt and mud on the road. Photographs introduced however, lost some of their credibility when it was shown they were taken two days after the accident, after City had erected a detour while repairing its water main. There was testimony that trucks

---

shall be in favor of the defendants, even though you have found that the defendant, or defendants, were negligent.

**3.** See 21 O.S.1971 § 1753.3, 1754, 47 O.S.1971 § 11–1110; 69 O.S.1971 § 1213.

**4.** Proffered ordinances in pertinent part:

"OBSTRUCTIONS ON STREETS: No person shall leave, place or deposit or cause to be left, placed or deposited in or upon any pavement or sidewalk, any article or thing whatsoever that will obstruct or otherwise encumber the same, except as expressly provided by ordinance. 9.15.01.

"ASHES–TRASH–DIRT: No person shall place or cause to be placed in or upon any street, alley, sidewalk, or other public grounds of this City, any ashes, glass, trash, dirt, * * or other kinds of rubbish, except the same be in suitable receptacles and disposed of in a regular and proper manner by the garbage department in accordance with the rules and regulations thereof. No person doing work or making excavations in any parking shall place or caused to be placed any dirt or refuse therefrom onto any paved street or sidewalk. 9.15.-09

"REFUSE IN ALLEY: It shall be unlawful and an offense for any person to deposit any * * * other refuse matter of any character, in any alley or other public place in the City. * * * 9.15.10

"MANURE AND DIRT HAULING: It shall be unlawful and an offense for any person to draw or haul over the streets of said City any manure, sand, mud, dirt, clay, ashes or rubbish of any kind, except in a wagon, cart, or other vehicle with a tight box thereon, so constructed as to prevent the spilling or scattering of any of the substances therein contained, upon said street. 9.15.11

"WASTING MATERIALS ON STREETS: The wasting, spilling or distributing of construction material, refuse, paper, dirt, manure, shavings, cinders, ashes or any other substance on or along any of the streets, alleys, sidewalks, or other public grounds is prohibited and the driver or operator of any wagon, cart or other conveyance from which substance has been, or is being wasted or spilled, shall be guilty of an offense and subject to arrest and the penalties of this chapter. 9.15.12

"REMOVING WASTED MATERIALS: All such material or dirt wasted shall be immediately removed by either such driver or person, firm or corporation by whom he is employed. The failure to immediately remove all of the material or earth so wasted shall render both the driver and the person, firm or corporation by whom he is employed, subject to a fine. Each day that such material or dirt so wasted, remains on such pavements shall constitute a separate and distinct offense. 9.15.13

"WATER AND STEAM ON STREETS: It shall be unlawful for any person to allow or permit water * * * to escape from any water main, service or steam pipe, or exhaust pipe into or upon any street, alley or sidewalk in said City. 9.15.16

"DEPOSITS OF DIRT OR RUBBISH FORBIDDEN: No owner, occupant or agent of any land abutting upon any boulevard, avenue, street or parkway of said City shall allow the earth, or any rubbish from said land, to fall, or wash, upon any part of said boulevard, avenue, street, parking or parkway. Nor shall any person throw, or cause to be thrown, any dirt or rubbish of any kind upon any such park, parking, boulevard, parkway, avenue, street or park road. 9.13.17

entering the access road were responsible for spillage and trackage. The necessary element of causation was present for submission to the jury.

■ The threshold question in any suit based on negligence is whether defendant had a duty to the particular plaintiff alleged to have been harmed. In order to submit this case to the jury there remained only this issue of what duty, if any, was owed to Plaintiff by these defendants. Did they owe a duty not to allow dirt to fall from their trucks onto the highway or to remove it if it did? Or if trucks were responsible for trackage was their only duty to warn a motorist of impending peril?

■ As asserted by Plaintiff, an obstruction of a public way may create a public nuisance. But tort liability of an adjoining landowner for creation of the nuisance is not absolute and may only be predicated on a showing of negligence.[5] We are of the opinion, the mere trackage of dirt ordinarily would not be an "obstruction" within the intent of 50 O.S.1971 § 1. City's liability also is founded solely on negligence and not nuisance. A municipality cannot be an insurer of safety of the traveling public even though it does have a duty to keep its streets in safe condition for passage.[6]

■ We agree with the cases relied on by Plaintiff, that a property owner owes a duty to maintain his property in such a manner that when it is put to its normal business use it does not result in the creation of an unreasonable hazard to travelers upon the abutting roadway. *Welch v. Amalgamated Sugar Company* 154 F.Supp. 3 (S.D.Idaho 1957) cited by Plaintiff in support of this position does deal with a similar

situation, but most cases concerning the duty of a property owner as to use of property adjoining a public way, pertain to some condition of the property itself that encroaches on the public way, such as overhanging tree limbs,[7] a ditch,[8] pipe[9] or debris scattered on a sidewalk.[10] Here there is insufficient evidence of any negligent use of the property itself.

■ To hold an owner of property has a duty to hose down the tires of each construction firm truck as it leaves the premises in order to insure that no dirt is deposited on the roadway is sophistry. Owners of lots bordering on public ways have the right to make all proper and reasonable use for the convenience of their lots not inconsistent with the paramount right of the public to use the street.[11] There is no allegation dirt was deliberately placed on the road. The mud is alleged to have come from company trucks using the roadway. The tort alleged to have been committed by Firestone and Ferguson arises not out of misuse of the property, but rather out of use of the roadway in such a manner as to create a hazard.

In *Cuddy v. Tyrrell,* 171 Kan. 232, 232 P.2d 607 (1951), a case similar to this, the Kansas Supreme Court held whether acts of a trucking firm in bringing mud and slime onto the highway and leaving it there without posting any warning signs, constituted actionable negligence was a question of fact for the jury. Inherent in this ruling is a rule of law placing a duty upon a user of a highway to use reasonable care to avoid injury to others by either (1) removing the hazardous material or (2) posting warning signs.

5. *Coates v. Chinn,* 51 Cal.2d 304, 332 P.2d 289 (1958).

6. *Lane v. City of Tulsa,* 402 P.2d 908 (Okl. 1965); *Williams v. City of Bristow,* 350 P.2d 484, 84 A.L.R.2d 501 (Okl.1960).

7. *Safeway Stores, Inc. v. Billings,* 335 P.2d 636 (Okl.1959).

8. *Sinclair Texas Pipe Line v. Patterson,* 175 Okl. 438, 54 P.2d 207 (1936).

9. *Concho Construction Company v. Oklahoma Natural Gas Co.,* 201 F.2d 673 (10th Cir. 1953).

10. *Safeway Stores v. Duvall,* 208 Okl. 21, 252 P.2d 1022 (1953).

11. *James v. Burchett,* 15 Wash.2d 119, 129 P.2d 790 (1942).

■■ Here there is no indication of negligent use of the property itself requiring an instruction as to duty of adjoining property owners. Absent a showing of negligent use, a builder of an industrial plant may not be held responsible for trackage of dirt onto an adjacent roadway by contractors entering and leaving the construction area. If defendants owed any duty regarding the trackage, it was a duty as expressed in *Cuddy v. Tyrrell* supra, that of a user of the highway, to either remove the mud and dirt or to warn the public if it created a hazard to driving. An owner of abutting property or a user of the roadway cannot be an insurer of the cleanliness of the roadway or of the safety of all who pass there.

■ We therefore hold a person who creates a dangerous condition on the public roadway by spillage or trackage of mud or debris thereon, has a duty to the general public to either remove the hazard *or* to give warning in some manner. He may elect which to do but it is not necessary that he do both. Although it would have been correct to give an instruction to this effect, the absence of an instruction to the jury of the alternative duty, to remove the hazard could have had no effect on its decision in favor of defendants. In order for the jury to have exonerated these defendants, it must have found (1) defendants Ferguson and Firestone did not create a hazard so there was no duty owed, or (2) defendants exercised their duty to warn as there was a "truck crossing" sign near the access road, or (3) defendants did not warn and were negligent but plaintiff was contributorily negligent. Because defendants escaped liability under the instruction given, it was not reversible error to refuse to instruct about the alternative duty, that of *removing* the dirt from the highway.

■ Plaintiff's second basis for liability of Ferguson and Firestone stems from her claim that in the course of construction, the borrow ditches were leveled in such a manner as to divert rain water and water from a broken main onto the roadway. However, upon examination and consideration of testimony at trial, we find no evidence to support this allegation. Testimony showed that even prior to the onset of construction, water would run onto the road. There was also evidence that grading done in the construction improved the condition of water dispersion.

■ The same reasoning applies to City as we have used here to apply to Firestone and Ferguson. Plaintiff claims trial court erred in failing to instruct jury City had a duty to correct the dangerous condition on Council Road or to warn motorists. We agree such an instruction would have been proper. Trial court instructed only as to alternative duty to warn. A municipality's duty of care does not require it to maintain streets in ideal traveling condition, nor to guard the traveling public from normal hazards such as puddles of water in the street. But if the accumulated water is so wide and deep as to constitute a real danger not reasonably to be anticipated by users of the street, the municipality has a duty to eliminate the hazard *or* to warn of its presence.[12] This instruction was not reversible error.

■ Plaintiff's allegation that it was error not to admit city ordinances into evidence and then instruct that violation of these ordinances and of state statutes is prima facie evidence of negligence, has no merit. None of the ordinances can be read as requiring a motor vehicle to enter a highway with clean tires. We agree with defendants these anti-littering ordinances are "housekeeping" ordinances and are not designed to insure the safe driving of Plaintiff. " 'An action for negligence based upon an alleged violation of a statute or ordinance cannot be maintained where it appears that the statute or ordinance was enacted or ordained for a purpose wholly different from that of preventing the injury of which complainant is made. To afford a right of action for injury from the

---

**12.** *Williams v. City of Bristow* supra note 6; *Owens v. City of Seattle,* 49 Wash.2d 187, 299 P.2d 560 (1956).

violation of a statute or ordinance, the complainant's injury must have been such as the statute or ordinance was intended to prevent.' " [13]

■ The trial court also correctly refused to instruct the jury defendants were deprived of the defense of contributory negligence because defendants were guilty of intentional or wanton misconduct. There is simply no evidence to support any such type conduct on part of defendants. Their duty was limited and their breach, if any, was not shown to be intentional. Refusal to give a requested instruction on a question not supported by any evidence is not error.[14]

■ The trial court properly excluded Plaintiff's offer of proof of another accident in the same area early the following morning. In *Short v. Unsell,* 497 P.2d 1060 (Okl.1972) cited by Plaintiff, in which this court held admissible testimony by a policeman that traffic light was green for both east and south-bound traffic at intersection where accident took place, the interval of time between the accident and his observation of condition of traffic signals was about 15 minutes. That case has no application here where "the remoteness is so great that proffered evidence has no probative value at all." [15] Where evidence of other accidents is sought to be introduced as indicative of the dangerous condition of a particular spot and of defendant City's knowledge thereof, it must first be shown that accident happened at same place while it was in same condition under similar circumstances to those of the accident in litigation.[16] This Plaintiff failed to establish.

■ Plaintiff also made an offer of proof of subsequent repairs to the bar ditch by City which was properly excluded.[17] Her suggestion that she sought it for the limited purpose of impeaching the witness is not valid. The witness was her own and not shown to be hostile.

■ Instructions must be viewed in light of evidence upon which they operate and as a whole and if it does not appear probable that rights of complaining party were prejudiced by the alleged erroneous instructions, the verdict will not be set aside.[18]

AFFIRMED.

All the Justices concur.

---

13. *Sinclair Prarie Oil Co. v. Stell,* 190 Okl. 344, 124 P.2d 255, 257 (1942) quoting 38 Am.Jur. Negligence § 163 p. 834.

14. *Skogsberg v. First National Bank of Kingman,* Kan., 439 P.2d 957 (Okl.1968).

15. *Short v. Unsell* supra at p. 1062.

16. *Perry v. City of Oklahoma City,* 470 P.2d 974 (Okl.1970).

17. *Heilig v. Studebaker Corp.,* 347 F.2d 686 (10th Cir. 1965).

18. *Gasko v. Gray,* 507 P.2d 1231 (Okl.1973).