**Richard R. COOPER; and Kenneth Hignite, as Special Administrator of the Estate of James Hignite, Deceased, Appellants,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF GRADY COUNTY, Appellee.**

**No. 87162.**

Court of Appeals of Oklahoma,
Division No. 3.

June 28, 1996.

Christopher J. Bergin, Eric T. Felber, Oklahoma City, for appellants.

Michael R. Chaffin, Huckaby, Fleming, Frailey, Chaffin, Cordell, Greenwood & Perryman, Chickasha, for appellee.

## OPINION

BUETTNER, Judge:

Appellants were involved in a one-car wreck April 18, 1992, when their vehicle plunged off the side of a Grady County bridge into the bed of the Little Washita river. Cooper was seriously injured and James Hignite died as a result of the accident. The bridge did not have side railings. Appellants sued Grady County to recover damages they alleged were caused by County's negligence.

The parties filed a stipulation in which they agreed that:

> ... in order for the plaintiffs to meet their burden of proof which is a prerequisite for the case at issue to be submitted to a jury, the plaintiffs must produce admissible evidence that the defendant, Grady County, Oklahoma, knew or should have known of the alleged dangerous condition of the bridge in question and surrounding area prior to the plaintiffs' accident.

█ Appellants filed evidence of three prior accidents involving vehicles entering the bridge from the same direction and sliding off the bridge, including a journal entry of judgment, filed in 1986, resolving a lawsuit against the County arising from one of those accidents. The first two accidents occurred in 1977 and the third, the subject of the prior lawsuit, occurred in 1983. Appellants also attached part of the deposition of a County Commissioner who stated that during his term of office, the guardrails were removed by someone unknown, and had not been replaced since 1973 or 1974. The commissioner stated that the farmers could not transport their equipment over the bridge unless the guardrails were removed. Also submitted was the deposition testimony of the Oklahoma Highway Patrol trooper who investigated one of the 1977 accidents. The trooper testified that he told the County Commissioners of the missing guardrails. Appellants claimed that this evidence was sufficient to show that County knew or should have known of the dangerous condition of the bridge.

Appellants moved for partial summary judgment on the issue of whether County knew or should have known of the alleged dangerous condition of the bridge based on the evidence of the three prior accidents and the 1985 lawsuit against County which resulted in a journal entry of judgment. Both sides also filed motions in limine to exclude certain evidence. The trial court granted County's motion in limine to exclude evidence of prior accidents, settlements and subsequent accidents, and denied Appellants' motion for partial summary judgment and mo-

tion in limine to exclude evidence of blood alcohol level. County then moved for summary judgment based on the failure of admissible evidence to show County knew or should have known of the alleged dangerous condition. County argued that the pre-trial ruling excluding evidence of prior accidents made that evidence "inadmissible" to oppose County's motion for summary judgment. We find the trial court erroneously granted summary judgment in favor of County.

Appellants proffered evidence of prior accidents to show that County knew or should have known that the bridge without guardrails created a dangerous condition. The evidence consisted of depositions and various documents.[1]

■ There is a "requirement that evidence of prior accidents, as indicative of the dangerous condition of the locus and of the defendants' knowledge thereof, must show that they happened at the same place, while it was in the same condition, under circumstances of a similar nature to those of the accident in litigation." *Perry v. City of Oklahoma City,* 470 P.2d 974, 980 (Okla.1970). In the case at bar, all the accidents were affected in some way by the lack of railings on the bridge and involved vehicles entering the bridge from the same direction (road curved before entering bridge). County argued that the fifteen-year time span created significant differences, especially in the vegetation around the bridge, and because County had erected a "dangerous curve" road sign and a "narrow bridge" road sign, as well as reflectors after the 1977 accidents.

We find that the trial court erred in not considering this evidence for its intended purpose, that is, showing County knew or should have known of the alleged dangerous condition. The accidents all happened at the same place and the bridge's guardrails were missing in all four accidents. The circumstances do not have to be identical, but only of a similar nature. The two cases cited in which the court properly excluded evidence are easily distinguished from the case at bar.

In *Perry v. City of Oklahoma City,* at 980, the court excluded the evidence of prior accidents because it was limited to a "single witness, residing in the locality of the intersection, who, because he was not present at the time of this accident, could not give the details of the actual occurrences. He could only recite the subsequent conditions as he observed them." *Haas v. Firestone Tire & Rubber Co.,* 563 P.2d 620, 627 (Okla.1976), concerns the attempt to offer evidence of another accident the morning *after* that plaintiff's accident. Accidents which occur after the one in litigation would not be probative of whether a defendant knew or should have known of the dangerous condition.

Next we find the trial court erred when it failed to take judicial notice of the prior lawsuit against County resulting in the journal entry of judgment filed in the same court in 1986, insofar as it relates to whether County knew or should have known of the dangerous condition. Oklahoma law requires the Court to take judicial notice of adjudicative facts when requested by a party and supplied with the necessary information. 12 O.S.1991 § 2202(D). Appellants asked the trial court to take judicial notice of the 1983 litigation, and supplied the court with a copy of the journal entry. The trial court abused its discretion in failing to take judicial notice of the adjudicative facts that the document existed and County had been sued because of an accident occurring at the same location.

## CONCLUSION

Appellants maintain that the absence of guardrails made the bridge dangerous and imposed a duty on County to correct the dangerous condition. There is no question, based on the evidence submitted by Appellants, that County was aware that the bridge did not have guardrails. This is not a situation in which the issue is whether the County was aware that a traffic control device was stolen or not operating at the time of the accident. Even if evidence of prior accidents is excluded, Appellants submitted testimony

---

1. There was no objection to the form of this evidence (newspaper articles, accident reports, or an uncertified judgment). Rather, County argued that evidence of previous accidents should generally be excluded. Thus, for purposes of the summary judgment proceeding, any objection as to the form or identification of the evidence was waived.

of a former County Commissioner which reflected his knowledge of the missing guardrails and his decision not to replace them. There was also testimony from a Highway Patrolman that he advised the County Commissioners of the lack of guardrails. County was on notice of that particular condition of the bridge. Whether County is liable for not correcting the condition or its decision not to replace the guardrails is not before us.

We do not comment upon the appropriateness of the trial court's ruling on the motions in limine. The purpose of those motions is to guide the parties' conduct at trial. The rulings allow the trial court to consider the state of the evidence at the time a party seeks to introduce evidence which has been preliminarily excluded by the pre-trial ruling. Notice may or may not be an issue at that time. Evidence relevant to the issue of whether County knew that the guardrails were missing may be inadmissible when proffered to support a different element of Appellants' claim. In addition, the form of the evidence may impact its admissibility at trial. The similarity of the prior accidents for the purpose of showing a dangerous condition, and the admissibility of such evidence, remain an issue for the trial court.

Appellants presented sufficient summary judgment evidence to create an issue as to whether the County was on notice that the bridge created a dangerous condition for motorists. Summary judgment in favor of County is reversed and the case is remanded to the trial court to proceed in a manner consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, P.J., and ADAMS, V.C.J., concur.