1998 OK CIV APP 101

**Johna D. REYNOLDS, Plaintiff/Appellant,**

and

**Larry Reynolds, Plaintiff,**

v.

**UNION PUBLIC SCHOOLS, Defendant/Appellee.**

No. 88,297.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 3, 1998.

Certiorari Denied July 1, 1998.

Kelly A. George, Lynn B. Mares, Abel, Musser, Sokolosky, Mares, Burch, Kouri & George, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

James E. Poe, Stephen R. Clouser, Covington & Poe, Tulsa, Oklahoma, for Defendant/Appellee.

## OPINION

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶ 1 Johna Reynolds sued Union Schools for injuries she received September 15, 1994 when a trim ring from a light fixture fell and hit her on the head.[1] She was attending a gospel music show in the school's Performing Arts Center at the time of the accident. After trial, the court directed verdict in favor of Union Schools based on application of the Governmental Tort Claim Act's provision exempting the school from liability based on its inspection powers or functions. We affirm.

¶ 2 "In determining whether a plaintiff's evidence is sufficient to withstand a motion for directed verdict, the trial court must consider as true all evidence favorable to the plaintiff together with all reasonable inferences to be drawn from it, and disregard all conflicting evidence favorable to the movant." *Harder v. F.C. Clinton, Inc.,* 1997 OK 137, 948 P.2d 298, 302. In light of this standard, the evidence adduced at trial revealed that school maintenance workers were responsible for changing light bulbs in the fixtures in the Performing Arts Center and changed them about once a month. Reynolds' expert testified that those workers should have been able to see that the safety chains were not attached to the trim rings. An employee who left the school district in 1991 testified

---

1. Larry Reynolds, husband, dismissed himself from the lawsuit before trial.

that he had seen a trim ring on the floor of the Performing Arts Center. Another former employee testified that he had seen a trim ring hanging from a chain and swinging from a similar light fixture in the loading dock of the Performing Arts Center. This employee also stated that he had seen other trim rings in different parts of the school which had fallen or were missing from their fixtures. The current maintenance electrician testified that he knew of loose trim rings in the entry hall where students pulled them out and that he had been informed about others hanging from their chains in the sixteen foot studio room. He fixed those light fixtures.

¶ 3 Reynolds maintains that her complaint is that the school negligently failed to maintain its premises in a reasonably safe condition. It is her contention that negligent inspection is not the issue.

The pertinent statute, 51 O.S.1991 § 155(13), states:

> The state or a political subdivision shall not be liable if a loss or claim results from inspection powers or functions, including failure to make an inspection, review or approval, or making an inadequate or negligent inspection, review or approval of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety, or fails to conform to a recognized standard.

¶ 4 First we address *Cooper v. Board of County Commissioners of Grady County,* 1996 OK CIV APP 85, 921 P.2d 376. The question in *Cooper* was whether evidence or prior accidents at a particular bridge were admissible to show the county's knowledge of a dangerous condition. *Cooper* stands for the proposition that Grady County was on notice of a dangerous condition because there was evidence of prior accidents at "the same place, while it was in the same condition, under circumstances of a similar nature to those of the accident in litigation." *Id.* at 378 (citing *Perry v. City of Oklahoma City,* 470 P.2d 974 (Okla.1970)). There was no issue regarding negligent inspection of the bridge. Nor was there a claim that knowledge of a dangerous condition at one bridge would re-

quire the county to inspect and correct the same dangerous condition at other bridges. In the instant case, the evidence suggested that whenever the school became aware of a loose or broken trim ring on a light fixture, the dangerous condition was repaired. The gravamen of Reynolds' claim is that the school did not inspect all light fixtures to discover the dangerous condition in the fixture that fell on her. *Cooper* does not apply here.

¶ 5 Insofar as the contention that "negligent failure to maintain the premises in a reasonably safe condition" is not a cause covered by the § 155(13) exemption, considering the evidence in the light most favorable to Reynolds and disregarding evidence presented by Union Schools, we find that in this case the specific allegation is governed by § 155(13) as a matter of law.

¶ 6 In *Brewer v. Independent School District # 1,* 1993 OK 17, 848 P.2d 566, Brewer alleged that the school "negligently failed to keep its premises in a reasonably safe condition, and that it failed to inspect at proper intervals." *Id.* at 570. Brewer claimed that she was injured using a slide on the playground which had inadequate railings and an aperture near the top through which children could fall. The Oklahoma Supreme Court analyzed the facts using the attractive nuisance exemption and inspection exemption. 51 O.S.1991 § 155(7)(13). It held "[c]learly the plaintiffs cannot proceed on their theory of failure to inspect." *Id.* at 570.

¶ 7 In an attempt to avoid the inspection exemption, Reynolds attempts to frame her claim as negligent maintenance. While negligent maintenance encompasses a broader category of potential liability, if the negligent maintenance is based on the failure to discover (inspect) or negligent inspection, then the school is exempt from liability. Changing the light bulbs is a routine maintenance function. If the light bulbs were never changed and an accident occurred because of darkness, there may be a claim of negligent maintenance. However, checking the trim rings, a permanent part of the light fixture, while changing light bulbs, amounts to an inspection. "Maintain," in its ordinary sense, means "to keep in a state of repair, efficien-

cy, or validity: preserve from failure or decline." "Inspect" means "to view closely and critically (as in order to ascertain quality or state, detect errors, or otherwise appraise)."[2] Reynolds' expert bases liability on the opinion that the maintenance persons should have discovered the broken safety chains (to the trim rings) while changing light bulbs. Reynolds also claims that, under a premises liability theory, the school ought to have known of the dangerous condition. Yet, this argument demonstrates that the school ought to have inspected the light fixtures to discover which ones had unconnected safety chains. This is a claim of negligent inspection which is exempt from liability under § 155(3).

¶8 For the reasons stated, the trial court correctly directed verdict in favor of Union Schools.

AFFIRMED.

ADAMS, J., concurs.

HANSEN, J., dissents.

2. Both definitions are found in *Webster's Third New International Dictionary,* unabridged; Merriam–Webster, 1986.